# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MOHAMED HISHAM ELTAYEB, individually and on behalf of similarly situated persons | § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO.  4:20-CV-00385 |
| | § | Judge Mazzant |
| v. | § § | |
| DELI MANAGEMENT, INC. d/b/a "Jason's Deli", | § § § | |
| *Defendant*. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant's Opposed Motion to Transfer Venue (Dkt. #12). Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **DENIED.**

## BACKGROUND

This case arises from the employment relationship between Defendant and its delivery drivers.  Defendant operates multiple Jason's Deli stores and employs drivers to deliver food items to customers.  These delivery drivers perform their job functions using their own vehicle.  Delivery drivers are then reimbursed pursuant to a method employed by Defendant.

Plaintiff brought this suit under the Fair Labor Standards Act ("FLSA") to recover allegedly unpaid minimum wages and overtime hours.  Plaintiff claims that Defendant uses a flawed method to determine reimbursement rates that provides an unreasonably low rate beneath any reasonable approximation of the expenses incurred by the drivers.  As a result of this method,

the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

On September 25, 2020, Defendant filed the present motion (Dkt. #12).  On October 16, 2020, Plaintiff filed his response (Dkt. #17).  On October 23, 2020, Defendant filed its reply (Dkt. #18).

## LEGAL STANDARD

Section 1404 permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The purpose of § 1404 "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . .'"  *Van Dusen,* 376 U.S. at 616 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960)).

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties consent to a particular jurisdiction.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  Once that threshold inquiry is met, the Fifth Circuit has held "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight."  *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*  These factors are neither exhaustive nor exclusive, and no single factor is dispositive. *Id.*

The party seeking transfer of venue must show good cause for the transfer. *Id.*  The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id.*  The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Id.* at 315 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege.").  However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315.  And while the multi-factor analysis is informative, ultimately, "the district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

## ANALYSIS

Defendant seeks an intra-district transfer of this case to the Eastern District of Texas, Beaumont Division.  In support of this request, Defendant states that the case could have been filed in the Beaumont Division.  Further, Defendant asserts that the § 1404(a) private and public interest factors favor transfer to the Beaumont Division.

Plaintiff contends that venue is proper in the Sherman Division.  Plaintiff also claims that Defendant has wholly failed to carry its burden to displace Plaintiff's chosen venue.  Plaintiff therefore requests the Court deny Defendant's motion and retain the case.

## I.    Transfer of Venue under § 1404(a)

The first issue the Court must determine is whether the suit could have originally been filed in the destination venue.  *Volkswagen II*, 545 F.3d at 312.  Plaintiff does not appear to dispute that the Beaumont Division is a proper venue for this case.  As this matter is not in dispute, Defendant meets the threshold inquiry for a transfer of venue analysis under § 1404(a).  The Court must next review a number of private and public interest factors with regard to convenience.[1]  *Id.* at 315.

### a.   Private Interest Factors

The Court will begin by analyzing the disputed private interest factors.

#### i.    Relative Ease of Access to Sources of Proof

Defendant contends that this "factor clearly weighs in favor of the Beaumont Division" because, among other issues inherent with a large company, "[Defendant] will likely have a difficult time allocating sufficient resources to respond to any upcoming discovery requests, and therefore may need to make those documents available for inspection" (Dkt. #12 at p. 7).  Further,

---

[1] Defendant has the burden to show that the transferee venue is "clearly more convenient than the venue chosen by the plaintiff."  *Id*.  Thus, if Defendant has conceded that a factor is neutral, the Court does not analyze that factor because it necessarily cannot help Defendant meet its burden.

Defendant notes that the information likely to be relied upon by Plaintiff "are not saved electronically" and are, instead, "mailed to Defendant's corporate office and stored at one of Defendant's storage facilities located in Beaumont, Texas" (Dkt. #12 at p. 7).

"[The relative ease of access to sources of proof] has become less significant in a transfer analysis because of the advances in copying technology and information storage." *Abatix Corp. v. Capra*, No. 2:07-CV-541, 2008 WL 4427285, at *7 (E.D. Tex. 2008) (citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000). However, simply because "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316.

Because "the question is relative ease of access" and not "absolute ease of access," this factor does slightly weigh in favor of transfer. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *Volkswagen II*, 545 F.3d at 316). Many of the relevant documents and information are in Beaumont, Texas. The reimbursements paid to drivers are recorded on delivery driver payout forms. These forms also include the number of deliveries made by each driver during a work shift, the mileage claimed by each driver during a work shift, and whether the driver received any additional payouts. These forms are those "not saved electronically" and are "stored at one of Defendant's storage facilities" in Beaumont (Dkt. # 12 at p. 7). The Court does agree with Plaintiff, however, that many of the documents stored in Beaumont would be "disclosed to Plaintiff through initial disclosures, responses to discovery, pretrial disclosures, and finally as agreed exhibits before trial" (Dkt. #17 at p. 6). The Court therefore cannot agree that this factor "clearly" weighs in favor of the Beaumont Division, but it does slightly weigh in favor of transfer.

### ii.   Availability of Compulsory Process to Secure Attendance of Witnesses

Defendant has stated that this factor is neutral between the two Divisions.

### iii.   Cost of Attendance for Willing Witnesses

Defendant argues that "[t]he Beaumont Division is much more convenient for the number of [its] corporate witnesses and equally convenient to the Austin witnesses" (Dkt. #12 at p. 10). Defendant then offers the names, positions, and cities of residence for seven potential witnesses—all of whom are employed by Defendant.

This District has consistently noted that "[t]he convenience of non-party witnesses, rather than that of party witnesses, is the more important consideration in a transfer of venue analysis." *E.g., Loeb-Defever v. Strategic Constr., Ltd.*, No. 4:19-CV-00578, 2020 WL 2496883, at *6 (E.D. Tex. 2020) (citing *Mohamed*, 90 F. Supp. 2d at 775).   Only party witnesses are offered by Defendant.  Further, only two of those witnesses actually reside in the Beaumont Division.  Three of the party witnesses reside in Arlington, Texas—a city significantly closer to Sherman than Beaumont.[2]  One of the witnesses resides in Euless, Texas—another city significantly closer to Sherman than Beaumont.[3]  Finally, one of the named witnesses resides in Austin, Texas.  However, by Defendant's own admission, Sherman and Beaumont would be "equally convenient" to the Austin witness (Dkt. #12 at p. 10).

---

[2] The mileage between Arlington, Texas and Sherman, Texas is 84.1 miles.  Driving Directions from Arlington, TX to Sherman, TX., GOOGLE MAPS, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "Arlington, TX" and search destination field for "Sherman, TX").  The mileage between Arlington and Beaumont is 303 miles.  Driving Directions from Arlington, TX to Beaumont, TX., GOOGLE MAPS, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "Arlington, TX" and search destination field for "Beaumont, TX").
[3] The mileage between Euless, Texas and Sherman, Texas is 75.5 miles.  Driving Directions from Euless, TX to Sherman, TX., GOOGLE MAPS, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "Euless, TX" and search destination field for "Sherman, TX").  The mileage between Euless and Beaumont is 305 miles.  Driving Directions from Euless, TX to Beaumont, TX., GOOGLE MAPS, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "Euless, TX" and search destination field for "Beaumont, TX")

Defendant has only offered the location of corporate witnesses because "no party has definitively identified or is apparently relying upon critical non-party witnesses for trial" (Dkt. #12 at p. 9). Further, Defendant has only shown that two of the seven witnesses reside in Beaumont. The other five corporate witnesses reside in cities that are either equally convenient or closer to Sherman. Defendant seems to assert that because Beaumont is the "inevitable location of preparation for the defense of the company," it would be "the most convenient location in Texas for the identified party witnesses" (Dkt. #12 at p. 11). Defendant also, however, notes that Plaintiff's "allegations are affirmatively not limited in time or geographic location" (Dkt. #12 at p. 3). Thus, it is foreseeable that witnesses may appear in locations throughout Texas. Transferring the case to Beaumont solely for the convenience of Defendant—not taking into account any non-party witnesses or Plaintiff—does not serve the interests of justice. Thus, this factor weighs in favor of the Sherman Division retaining the case.

### iv.  All Other Practical Problems

Defendant claims that no practical problems exist with transferring the case to Beaumont, and that this factor weighs either slightly in favor of transfer or is neutral. Defendant asserts that "[t]ravel and lodging will be unnecessary for many of the parties and witnesses if this case is tried in Beaumont" (Dkt. #12 at p. 11). However, Defendant has provided a list of seven party witnesses—only two of which reside in Beaumont. Presumably, the remaining five would travel and need lodging in Beaumont during the trial. Thus, Defendant's argument on this front fails.

Defendant also urges that "[a]ny delay from the transfer will be garden variety, and at this early stage is not prejudicial" (Dkt. #12 at p. 11). While courts do look to whether any prejudice will result from the transfer, this consideration weighs no more in favor of transfer than against it. This argument supports finding this factor neutral.

Defendant next asserts that "the logistics of transporting documents to the courthouse will be minimal or equal for Plaintiff's Dallas counsel when comparing the differences between transporting from Dallas to Sherman or transporting to Beaumont" (Dkt. #12 at p. 11).  However, the Court notes that the distance between Dallas and Sherman is significantly shorter than the distance between Dallas and Beaumont.[4]  An additional 220.4 miles of transportation would serve as a greater logistical barrier from fuel and time alone.

Further, Defendant's engagement of co-counsel in Florida and Beaumont is not relevant to the factor considered by the Court.  *See Volkswagen I*, 371 F.3d at 206 (noting that "[t]he word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)" (citing *In re Horseshoe Ent.*, 337 F.3d 429, 434)).

The Court finds this factor neutral.  Five of the seven party witnesses identified by Defendant would presumably need travel to and lodging in Beaumont.  Although no prejudice would result to Plaintiff if the case were transferred at this early stage, that consideration alone does not shift this factor in favor of transfer.

### b.  Public Interest Factors

The Court will next analyze the single public interest factor at dispute in this case.

### i.  Administrative Difficulties

Defendant has stated that this factor is neutral.

---

[4] The mileage between Dallas, Texas and Sherman, Texas is 65.6 miles.  Driving Directions from Dallas, TX to Sherman, TX., GOOGLE MAPS, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "Dallas, TX" and search destination field for "Sherman, TX").  The mileage between Dallas and Beaumont is 286 miles.  Driving Directions from Dallas, TX to Beaumont, TX., GOOGLE MAPS, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "Dallas, TX" and search destination field for "Beaumont, TX")

###### ii. Local Interest

Defendant notes that it was founded in Beaumont, Texas in 1976.  Beaumont serves as the corporate headquarters for 275 delis in 28 states.  According to Defendant, "[its] history is intertwined with the city and county where the Beaumont Division is located" (Dkt. #12 at p. 12).  Ultimately, Defendant argues that "[it] has an indisputably larger presence in Beaumont relative to Sherman, Texas" (Dkt. #12 at p. 12).

The thrust behind Defendant's argument is that, generally, the citizens of Beaumont have a greater interest in deciding the case than the citizens of Sherman.  However, Defendant premises that contention solely on the fact that the business was founded and has its headquarters in Beaumont.  What Defendant fails to take into consideration is the abstract nature of the lawsuit at present.  More drivers who worked in this Division, much like Plaintiff, may arise.  More witnesses with a connection to Sherman may arise.  The Court cannot say that Beaumont has the greater interest in having the dispute decided at home solely because Defendant was founded and is headquartered there.

This factor accounts for the idea that "[j]ury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation."  *In re Volkswagon*, 371 F.3d at 206.  However, Sherman does have at least *some* connection to the litigation—Plaintiff was a delivery driver in the Division.  The Court does recognize, however, that the Beaumont Division also has a connection to the litigation because it does have an intertwined history with Defendant.  *See In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (noting that the "cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community").

From the facts presented before the Court, Beaumont currently has the more concrete interest in the litigation.  However, Sherman already has at least one connection—Plaintiff's employment with Defendant.  The connections with Sherman have the potential to continue to grow.  Beaumont's concrete interest in the case does, however, shift this factor in favor of transfer.

### iii.  Familiarity of the Forum with Governing Law

Defendant has stated this factor is neutral.

### iv.  Avoidance of Conflict of Laws

Defendant has stated this factor is neutral.

After an analysis of the private and public interest factors, the Court finds that one factor weighs in favor of transfer, one factor weighs slightly in favor of transfer, five factors are neutral, and one factor weighs against transfer.  While "the traditional deference given to plaintiff's choice of forum . . . is less" for intra-district transfers, *Potter v. Cardinal Health 200, LLC.*, No. 2:19-CV-00007-JRG, 2019 WL 2150923, at *6 (E.D. Tex. 2019) (quoting *Radmax*, 720 F.3d at 289), the Court finds that Defendant has still not made the requisite showing that would warrant transfer to the Beaumont Division.  Defendant has not shown that Beaumont is a "clearly more convenient" venue.  *See Id.* (transferring a case intra-district due to the Tyler Division being a clearly more convenient venue than the Marshall District and noting that Marshall "has no connection" to the case).

## CONCLUSION

It is therefore **ORDERED** Defendant's Opposed Motion to Transfer Venue (Dkt. #12) is hereby **DENIED**.

**SIGNED this 18th day of November, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE