IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MOHAMED HISHAM ELTAYEB,** § | | |
| individually and on behalf of similarly § | | |
| situated persons, § | | |
| § | | |
| Plaintiff, § | | |
| § | **Civil Action No. 4:20-cv-385** | |
| v. § | | |
| § | | |
| **DELI MANAGEMENT, INC. d/b/a** § | | |
| **"Jason's Deli,"** § | **Jury Demanded** | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS AND FOR CONDITIONAL CERTIFICATION AND BRIEF IN SUPPORT**

Plaintiff, Mohamed Hisham Eltayeb, on behalf of himself and all other similarly situated current or former employees of Defendant Jason's Deli, files this Motion for Notice to Potential Plaintiffs and for Conditional Certification, and would show the Court as follows:

## I.     INTRODUCTION

This is **not** a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rather, this Motion is brought pursuant to the collective action provisions of the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 216(b); *Roussell v. Brinker Inter., Inc.,* 2011 WL 4067171 (5th Cir. 2011). Under this statute and the case law interpreting it, individuals may bring "collective actions" on behalf of themselves and on behalf of those "similarly situated." However, in sharp contrast to Rule 23 class actions, collective actions under the FLSA are opt-in rather than opt-out. *Mooney v. Aramco Services Co.*, 54 F. 3d 1207, 1213-14 (5th Cir. 1995). Thus, the standards applicable to a request for notice to similarly situated individuals are "lenient," and

Plaintiff is only required to show that similarly situated individuals exist. *Id.* To date, three individuals, including the Named Plaintiff, have elected to opt-in to this suit, but there are others who may not be aware of this suit or aware of their rights to proceed in this forum. A Notice to those similarly situated employees of the Defendant (the "Potential Plaintiffs") will allow those individuals to become aware of their rights and allow them to make an informed decision as to whether or not to proceed in this case.

Plaintiff and other similarly situated current and former employees are all non-exempt, hourly paid employees who were not paid minimum wages owed to them as mandated by the FLSA. Plaintiff filed this collective action to recover unpaid wages owed to him individually and on behalf of all other former hourly paid employees who were subject to Defendant's inadequate reimbursement policies. Instead, these individuals were required to incur various automobile expenses which were not fully compensated by Defendant's reimbursement policy. The Defendant has no basis in law or fact for failing to properly reimburse these Potential Policies for their automobile expenses. Therefore, pursuant to 29 U.S.C § 206 *et seq*, all Potential Plaintiffs were paid in violation of the FLSA. This action is brought to recover compensation, liquidated damages, statutory attorneys' fees, and costs owed pursuant to the FLSA.

Thus, the Plaintiff seeks to maintain this action as a collective action under the FLSA and seeks to represent the following class of individuals:

> ***All hourly paid employees currently or formerly employed by Defendant from three years prior to the date of Court's Order granting Notice, who were not paid federal minimum wage due to unreimbursed business expenses.***

As set forth herein, because Plaintiff readily meets the lenient burden applicable at this stage, conditional certification and notice to the Potential Plaintiffs is appropriate. At the notice

stage, the court's determination is made using a "fairly lenient standard" because the court usually has minimal evidence before it. *Mooney*, 54 F.3d at 1214.

Moreover, because the recovery for each Potential Plaintiff is eroding daily, the Court should authorize Notice as soon as possible.[1] Thus, in conjunction with allowing this action to proceed collectively, Plaintiff asks the Court to direct the Defendant to provide Plaintiff with the names, last known addresses, phone numbers, email addresses, and other identifying information of *all* potential opt-in Plaintiffs, and to approve the sending of the Notice attached to this memorandum as **Exhibit A** to the potential opt-in Plaintiffs, in addition to the other means of notice requested in Section III(d) *infra*.

## II. FACTUAL BACKGROUND

The FLSA requires employers to pay employees who are engaged in commerce federal minimum wage, which has been $7.25 since July 24, 2009. 29 U.S.C. § 206. Here, Defendant fails to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

### A. Plaintiff and the Putative Class Are Similarly Situated with Respect to Job Duties and Pay Policies

The FLSA gives workers such as Plaintiff the right to sue collectively on behalf of themselves and other similarly situated for violations of the minimum wage and overtime protections of the Act. 29 U.S.C. § 216(b). The Plaintiff in the instant case is similarly situated to other Potential Plaintiffs in that they all performed similar work and are owed unpaid wages according to Defendant's illegal compensation scheme. "To establish that employees are similarly

---

[1] The FLSA statute of limitations runs from the date an individual opts in to the case. Consequently, for former employees who are no longer being subjected to the illegal practice, every day without notice is a day's pay they lose forever.

situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Barnett v. Countrywide Credit Industries, Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. 2002) (Lynn, J.) (internal quotation marks and brackets omitted) (quoting *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994)). However, similarity in job duties is less significant where employees at issue are admittedly non-exempt. *See Adair v. Moody Int'l Americas, Inc*., 2010 WL 11531178, at *2 (E.D. Tex. Feb. 26, 2010). In other words, "the court should satisfy itself that the potential plaintiffs are similarly—but not necessarily identically—situated with respect to their job requirements and pay provisions." *Lee v. Veolia ES Indus. Services, Inc.,* 2013 WL 2298216, at *12 (E.D. Tex. May 23, 2013). Therefore, courts consistently reject the argument that a class "is problematic because it includes individuals from various positions, locations, etc.; the law is plain that that does undermine the 'similarly situated' requirements." *Donohue v. Francis Services, Inc.*, 2004 WL 1161366 at *3 (E.D. La. May 24, 2004) (citing *Heagney v. European American Bank*, 122 F.R.D. 125 (E.D.N.Y. 1988); *Burt v. Manville Sales Corp.*, 116 F.R.D. 276 (D. Colo. 1987)). Evidence of a single decision, policy, or plan will meet the similarly situated standard. *Goss v. Tyler Traditions, Inc.,* 2019 WL 4935290, at *2 (E.D. Tex. July 22, 2019) (citing *Gallender v. Empire Fire and Marine Ins. Co*., 2007 WL 325792. At *1 (S.D. Miss. Jan. 31, 2007). Accordingly, "[a] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Donohue, supra*.

Plaintiff and Potential Plaintiffs are similarly situated in numerous ways. They shared similar job duties and a similar pay structure while employed by the Defendant, have worked at the same or similar locations, and were paid on an hourly basis. *See* **Exhibits C – E**.

Mohamed Eltayeb was an employee for Defendant. **Exhibit C**, ¶ 1. He worked from approximately July 2007 to November 2019. *Id.* During his employment, Mr. Eltayeb was paid $8.65 per hour. **Exhibit C**, ¶ 3. Additionally, he was reimbursed just $1.00 per delivery for the majority of his employment with Defendant. *Id.* On average, Plaintiff drove 10 or more miles round-trip, meaning Plaintiff was getting paid approximately between $.10. *Id.* Using the lowest IRS rate ($.535) and the highest rate per mile Plaintiff was making per mile driven ($.10 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $.385 per mile. **Exhibit C**, ¶ 4. Plaintiff regularly made 2 or more deliveries per hour, thus decreasing his net wages by at least $7.70 for every hour worked ($.385 x 10 miles per delivery x 2 deliveries per hour). *Id.*

In addition to Mr. Eltayeb, four other former employees have opted into the lawsuit. *See* **Exhibits D** and **E**. All of these individuals, like Mr. Eltayeb, were non-exempt, hourly-paid employees that complain of unpaid wages. Specifically, Mohamed Osman and Mohammad Siddiqui confirm Defendant's reimbursement policy of requiring its drivers to incur various automobile expenses which were not fully compensated by Defendant. **Exhibit D**, ¶ 4; **Exhibit E**, ¶ 4. Osman and Siddiqui also confirm that they witnessed others subject to this same practice. **Exhibit D**, ¶ 6; **Exhibit E**, ¶ 6. These opt-in Plaintiffs further declared that based on their personal knowledge and observation, Defendant refused to properly reimburse all hourly-paid employees for their automobile expenses in the same manner. *Id*.

All of the hourly-paid employees that worked at stores for Defendant were all subjected to Defendant's policy of paying their employees below minimum wage due to inadequately reimbursing their drivers for automobile expenses. From the plain meaning of the law to the Defendant's own compensation policies, as reflected by the declarations attached hereto, there can

be no question that the Plaintiff and the Potential Plaintiffs are similarly situated and thus, the Court should grant Plaintiff's motion.

### B. Similarly Situated, Potential Opt-In Plaintiffs Exist ("Potential Plaintiffs").

Three hourly-paid, non-exempt individuals working for Defendant have opted into Mr. Eltayeb's lawsuit. The joinder of additional plaintiffs after the inception of the case is persuasive evidence that a putative class does exist. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009). In addition, Plaintiffs have testified through their declarations, that there are other drivers who were paid the same way they were, and those individuals would join the lawsuit if they knew about it. *See* **Exhibits C – E**.

### III. REQUEST FOR §216(b) NOTICE TO POTENTIAL PLAINTIFFS

#### A. Collective Actions are Favored Under the Law and the District Court is Authorized to Issue Notice to the Potential Opt-In Plaintiffs.

The FLSA's "collective action" provision allows one or more employees to bring an action for unpaid minimum wages and/or overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). District Courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs so that they may choose to "opt-in" to the suit. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).

Court-facilitated notice to the class in an FLSA collective action is appropriate when Plaintiff demonstrates that others exist who may wish to opt in and who are "similarly situated" with respect to the job requirements and pay provisions. *Mooney*, 54 F.3d at 1214. The Fifth Circuit recognizes that the standard for collective action notice is a "lenient" one. *Id.* at 1213-14.

### B. The Two-Stage Certification Process

District Courts considering requests to issue notice to potential plaintiffs use a two-stage approach to the certification issue.[2] In *Barnett*, Judge Barbara Lynn permitted court-approved, companywide notice to a group of over 5,000 Loan Officers of Countrywide Home Loans, Inc. and succinctly states the two-stage process as follows:

> First, the Court must made an initial inquiry into whether the Plaintiff has provided sufficient evidence that similarly situated potential Plaintiffs exist. At this stage, the Court uses a lenient standard to determine whether similarly situated persons exist, and if the Court determines that certification is appropriate, then it usually "conditionally certifies" the class. Second, the Court reexamines the class after notice, time for opting-in, and discovery has taken place. If the Court finds that the class is no longer made up of similarly situated persons, then it may decertify the class. This inquiry is usually conducted upon a motion filed by the Defendant.

*Barnett*, 2002 WL 1023161 at *1 (citations omitted).

At the notice stage, courts usually determine whether plaintiffs and potential opt-ins are "similarly situated" based upon the allegations in a complaint supported by affidavits or declarations. *Sandoz*, 553 F.3d at 915 n.2 (finding that "[t]he district court then decides, usually based on pleadings and affidavits of the parties, whether to provide notice to fellow employees who may be similarly situated, thereby conditionally certifying the class."). Under the two-stage approach, once a court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery. *Sandoz*, 553 F.3d at 915 n.2; *Mooney*, 54 F.3d at 1214. Allowing early notice and full participation by opt-ins "assures that a 'full similarly situated' decision is informed, efficiently reached, and conclusive."

---

[2] The Fifth Circuit ruled long ago that Rule 23 cases and Section 216(b) actions are "mutually exclusive and irreconcilable." *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975). The Fifth Circuit has since recognized that the two-stage approach governs cases in its jurisdiction. *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008).

*Sperling*, 118 F.R.D. at 406. Once the notice and opt-in period is complete, the Court will have the benefit of knowing the actual make-up of the collective action.

To be similarly situated, each class member's situation need not be identical, but merely similar. At the notice stage, in order to satisfy the burden of showing that the putative class members are "similarly situated," "courts required nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. Mere allegations in a complaint have been found to warrant a conditional certification and when combined with declarations signed by Plaintiffs, conditional certification is routinely granted.[3] The lenient standard applicable at the first stage "usually results in 'conditional certification' of a representative class, to whom notice is sent and who receive an opportunity to 'opt-in.'" *TGF Precision*, 319 F. Supp. 2d 753, 755 (S.D. Tex. 2004). The court may only foreclose the plaintiff's right to process collectively if the action relates to circumstances personal to each plaintiff rather than any generally applicable policy or practice. *Allen v. McWane, Inc*., 2:06-CV-158, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006).

Here, the evidence developed to date shows indisputably that the potential class is similarly situated. All of Defendant's hourly-paid, non-exempt employees completed similar tasks and were subjected to Defendant's same unlawful compensation policy. *See* **Exhibits C – E**. None were salaried, and the Defendant has presented no evidence that any of them were exempt from the FLSA. Accordingly, Plaintiff easily satisfies the lenient requirements for conditional certification.

---

[3] *See, e.g.*, *Aguayo v. Oldenkamp Trucking*, 2005 U.S. Dist. LEXIS 22190 at *11 (E.D. Cal. Oct. 3, 2005) (allegations in complaint and plaintiff's declaration sufficient); *Brown v. Money Tree Mortg. Inc.*, 222 F.R.D. 264, 680 (D. Kan. 2004) (two affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (allegations in complaint); *Schwartz v. MCI Telecommunications Corp.*, No. 98-1574, slip op. at 5 (S.D. Tex. Feb 18, 1999) (one affidavit); *Loreas v. C&S Ranch*, No. 97-30, slip op. at 3 (S.D. Tex. May 16, 1997) (one affidavit); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint).

### C. Relief Sought: Issuance of Notice to Potential Plaintiffs.

Plaintiff requests that the Court order Defendant to provide, in useable electronic form to reduce any delays in sending out the notices: (a) the name of each current and former Potential Plaintiff employed by the Defendant since three years prior to the date of the Court's Order granting Notice; and (b) the last known address, telephone number, date of birth, and email address for each Potential Plaintiff. To facilitate the Notice process and protect and preserve the rights of those who have not yet opted in, Plaintiff attaches hereto **Exhibit A – Proposed Notice** and **Exhibit B – Proposed Consent** to be approved by the Court. Plaintiff seeks to notify a group of Potential Plaintiffs described as follows:

> *All hourly paid employees currently or formerly employed by Defendant from three years prior to the date of Court's Order granting Notice, who were not paid federal minimum wage due to unreimbursed business expenses.*

Given the foregoing evidence of a unified policy and plan implemented by the Defendant and the similarity of the Potential Plaintiffs, this class is appropriately defined, and this Court should conditionally certify the class and order the Notice.

Plaintiff requests that all Potential Plaintiffs be given sixty (60) days from the date the information above is provided to "opt-in" to the collective action. Plaintiff further requests: 1) to send Notice via First Class Mail, and electronically; 2) permission to create a Facebook page to provide information for potential Plaintiffs; and 3) that the Defendant be required to post the notice in a conspicuous place, regularly visited by employees of Defendant.

## IV.     CONCLUSION

WHEREFORE, Plaintiff requests that this Court conditionally certify a class as set forth above, order notice as requested herein, approve the methods of notice and opt-in consent form attached hereto as **Exhibits A** and **B** and order the expedited discovery requested as well as any other relief to which the Plaintiff may show himself entitled.

Respectfully submitted,

**FORESTER HAYNIE PLLC**
*/s/ Meredith Black-Mathews*_____
MEREDITH BLACK-MATHEWS
Texas Bar No. 24055180
J. FORESTER
Texas Bar No. 24087532
400 North St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
mmathews@foresterhaynie.com
jay@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

*/s/ Meredith Black-Mathews*_____

## CERTIFICATE OF CONFERENCE

I hereby certify counsel for Plaintiff conferred with Defense counsel regarding the relief sought herein. Defense counsel confirmed that Defendant is opposed to such relief.

*/s/ Meredith Black-Mathews*_____
