IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MOHAMED HISHAM ELTAYEB,** individually and on behalf of similarly situated persons, <br><br>    Plaintiff, <br><br> v. <br><br>**DELI MANAGEMENT, INC. d/b/a "Jason's Deli",** <br><br>    Defendant. | Case No. 4:20-cv-385 <br><br> Judge Mazzant |

**<u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
NOTICE TO POTENTIAL PLAINTIFFS AND FOR CONDITIONAL CERTIFICATION</u>**

Defendant, Deli Management, Inc., d/b/a Jason's Deli, responds to the Motion for Notice to Potential Plaintiffs and for Conditional Certification ("the Motion") filed by Plaintiff, Mohamed Eltayeb, with the following Memorandum of Law in opposition.

## MEMORANDUM OF LAW

**I.   INTRODUCTION**

Plaintiff has brought a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., claiming that Jason's Deli failed to properly reimburse him for expenses he allegedly incurred while working as a delivery driver.  Specifically, Plaintiff claims that the reimbursements he received were inadequate to reimburse him for his automobile expenses, thereby causing his hourly wage to drop below the federal minimum wage.

Plaintiff now asks the Court for permission to represent a nationwide collective, which would potentially cover employees from 155 restaurants located in 14 different states.  He seeks to represent a class of "all hourly paid employees currently or formerly employed" by Jason's Deli "who were not paid federal minimum wage due to unreimbursed business expenses."

This proposed class definition is unworkable.  Because it defines the class solely by reference to the result that it hopes to reach, it does not provide sufficient clarity to allow Jason's Deli to identify which current or former employees should be included in the class for notice purposes.  If the offending clause is removed, the definition then becomes overinclusive.  A class of "all hourly paid employees" would be improper, because Plaintiff has not submitted any evidence that all hourly paid employees incur business expenses in the course of their duties, much less that they are similarly situated in that respect.  The proposed definition does not differentiate among potential class members by job position or by the work they actually performed for Jason's Deli.  It must be rejected.

In support of his Motion, Plaintiff submits three cookie-cutter declarations. The declarants all worked as delivery drivers at a single location in Irving, Texas. They fail to explain how they would have any knowledge of working conditions in other locations. Although they claim to have been subjected to a "driver reimbursement policy," they do not attach a copy of it. Even though they worked primarily within the same span of time, they report being reimbursed for deliveries at different amounts. In short, they do not identify with any specificity how they would have personal knowledge that other employees across the nation would have been affected by a common policy, plan, or practice.

Finally, in the event that the Court approves some form of notice, it should reject the terms proposed by Plaintiff. Plaintiff's proposal for four unique forms of notice is excessive, and Plaintiff's proposed notice does not accurately describe the proposed collective, the lawsuit, or the legal effect of filing a notice of consent.

## II. STANDARD OF REVIEW

The FLSA requires employers to pay employees no less than the mandated minimum hourly wage for a given workweek. 29 U.S.C. § 206. Under 29 C.F.R. § 531.35, "the wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or another person for the employer's benefit the whole or part of the wage delivered to the employee." 29 C.F.R. § 531.35. A kickback occurs when the costs of tools that are specifically required for the performance of the employer's particular work "cuts into the minimum or overtime wages required to be paid [to employee] under the Act." Id. The law only requires employers to reimburse employees for expenses incurred on their behalf if, without reimbursement, the employee's net hourly pay for a given workweek falls below the minimum wage. See Morin v. Hoboken Bd. of Ed., 2015 WL 1730143 (D. N.J. 2015).

The FLSA permits a plaintiff to maintain an action on "behalf of himself…and other employees similarly situated." 29 U.S.C. § 216(b). District courts have the discretion to issue notice to "similarly situated" employees, but notice is hardly mandatory. See Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989). Notice should be authorized only after the plaintiff has made a sufficient showing that a similarly situated class exists. See Mooney v. Aramco Servs. Co., 54 F.3d 1207 (5th Cir. 1995); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003).

Although the Fifth Circuit has not adopted a specific test for evaluating conditional certification under the FLSA, this Court has adopted a two-stage test. See Reyes v. Bona 1372, 2017 WL 514367 (E.D. Tex. 2017). Plaintiff's discussion of this standard, however, creates the false impression that there is a presumption in favor of conditional certification. Notice is not automatic; while courts generally apply a lenient standard in the first stage, "notice is by no means mandatory." Valcho v. Dallas City Hosp., Dist., 574 2d 618, 621 (E.D. Tex. 2008).[1]

At the notice stage, a district court must determine whether a plaintiff has presented substantial, probative evidence that similarly situated potential plaintiffs exist. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1213-14 (11th Cir. 2001); H&R Block, Ltd v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999). The plaintiff must "come forward with competent evidence suggesting that such class members exist." H&R Block, 186 F.R.D. at 400. The court must evaluate all of the evidence to determine if Plaintiff has met his burden of producing "substantial allegations," in the form of "detailed allegations supported by affidavits, which successfully engage defendants' affidavits to the contrary." Hipp, 252 F.3d at 1219

---

[1] Plaintiff offers a citation from Donohue v. Francis Services, Inc., 2004 WL 1161366 (E.D. La. May 24, 2004) to the effect that a court "may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff." Dkt. 21 at 4. There is nothing in the history of this quote that suggests it accurately represents the position of the Fifth Circuit. Instead, when traced back to its source, it appears to have been derived from a Pennsylvania district court that was dealing with a potential Rule 23 class under Title VII – which of course has nothing to do with FLSA practice under Section 216(b).

(quoting Grayson v. Kmart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). Notice is warranted only when plaintiffs have produced sufficient evidence to demonstrate that there is a "similarity among the individual situations….some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." Villatoro v. Kim Son Rest., L.P., 286 F. Supp.2d 807, 810 (S.D. Tex. 2003) (internal quotation marks omitted); England v. New Century Fin. Corp., 370 F. Supp. 2d 504, 508 (M.D. La. 2005).

The evidence must demonstrate two elements: (1) that plaintiff and potential opt-in plaintiffs are similarly situated by being victim to a "single decision, policy, or plan" that violates the FLSA; and (2) there are no individualized issues that make collective treatment inappropriate and would require highly individualized factual inquiries to determine class-wide liability. H&R Block, Ltd., 186 F.R.D. at 400. Absent such evidence, "it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." Hickson v. US Postal Svc., 2010 WL 3835887, *6 (E.D. Tex. 2010).

### III.   LEGAL ARGUMENT

**A.   Plaintiff fails to properly define the putative class, relying only an unworkable definition that bootstraps in a liability determination.**

In his Motion, Plaintiff seeks permission to send notice to "[a]ll hourly paid employees currently or formerly employed by [Jason's Deli] from three years prior to the date of the Court's Order granting Notice, who were not paid federal minimum wage due to unreimbursed business expenses." On its face, this definition is unworkable.

If Jason's Deli were required to try to provide the names and contact information for those who fell within this class, it would have no idea where to start. The definition would seemingly require Jason's Deli to perform a liability calculation for each of its hourly employees. In essence, Jason's Deli would have to define with precision which employees actually suffered

4

a violation of federal minimum wage standards. But that is supposed to be the ending point of this litigation, not the starting point. It is as if Plaintiff is proposing to tell Jason's Deli "go find the employees who are entitled to recover a judgment against you, and then send us their information."

This is an improper approach, both in concept and in practical execution. Conceptually, this definition would require Jason's Deli to concede the ultimate issue in the case as to each individual for whom it provided data: that the individual had in fact not been paid federal minimum wage due to unreimbursed business expenses. Jason's Deli does not intend to concede that point, and therefore would be inclined not to produce any data at all.

Even if this conceptual problem could be overcome, the definition is still unworkable as a practical matter. To understand this, one simply needs to review the work that would be needed to comply. To start with, Jason's Deli would not know which of its employees claimed to have unreimbursed business expenses. Nor would it know what expenses they claimed to have. It does not possess information as to what employees paid for gas, what their insurance costs were, whether they owned vehicles as opposed to leasing them, or any of the other factors that would affect the costs they might have incurred. Furthermore, the process of gathering information regarding miles driven, trips made, or delivery fees paid to employees would be burdensome even when performed for a small portion of the class. It would be astronomically difficult to complete this process in a short period of time for every single member of the potential class. Beyond the daunting burdens of gathering the raw data, Jason's Deli would have to make reasonable assumptions about how that data could be averaged for use over a period of time. It would have to account for how to fill the gaps left by the missing information from individual class members as to actual costs incurred. It would then have to deal with the issues of

individual variances in reimbursement rates or mileage driven, as the declarants' own affidavits show significant variation in the amounts of delivery fees they were paid, as well as some variation in their estimates of average round-trip mileage. (Dkt. 21-3, 21-4, 21-5). For Jason's Deli to have to perform all of this labor-intensive data-gathering and mathematical calculation **just to define those who are entitled to receive notice** is frankly an absurd proposition.

### B. Plaintiff fails to present sufficient evidence to warrant a nationwide collective action including all hourly employees.

Even if Plaintiff was to propose to excise the language that bootstraps liability into his class definition, he would still not have a workable class definition. If the offending phrase were removed, he would be left with a definition that seeks to send notice to all hourly-paid current and former employees within the applicable period. This is tremendously overinclusive.

As a starting point, "Plaintiffs bear the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exists." See Reyes, 2017 WL 5148367 *4. Plaintiff has not offered any evidence to show how he and his declarants are similarly situated to "all hourly paid employees."

Plaintiff and all of the declarants are delivery drivers. They have not testified that any other type of employee was subject to the reimbursement policy that they allude to. Presumably, someone has to make the sandwiches and other food items that they are delivering. Plaintiff has not offered any evidence showing that someone who responsible for making sandwiches is "similarly situated" to someone who is responsible for making deliveries. He and his declarants do not explain how employees who make sandwiches perform work that is in any way similar to that performed by Plaintiff and the declarants. Nor does he explain how the sandwich makers are paid, whether they make any deliveries, whether they are reimbursed for doing so, or whether those employees actually incur any unreimbursed business expenses.

6

On a broader scale, the same is likely true of other positions that fall within the class of "hourly paid employees." But Plaintiff has not provided any evidence of the various types of positions that might fall within that class, other than delivery drivers. Not only does he fail to enumerate what those positions are, he provides no evidence of how they were paid, what work they performed, or what policies or practices were applicable to them.

Since Plaintiff has failed to present sufficient facts to show that those individuals in his proposed class were similarly situated to Plaintiff and his declarants, there is no basis for the Court to determine that they likely suffered similar harms. Plaintiff has thus failed to meet his burden to show that these individuals should be included within his proposed class.

### C. Even if the class were to be limited to delivery drivers, Plaintiff has failed to show that delivery drivers in other stores were similarly situated to him.

Even if the Court were inclined to try to rewrite Plaintiff's proposed class definition for him by limiting it to delivery drivers, Plaintiff has still failed to provide a basis for expanding that class beyond his particular location.

In order to show a nationwide policy of underpayment, Plaintiff must present some evidence beyond the allegations in his complaint. Brown v. White's Ferry, Inc., 2011 WL 5151394, *2 (D. Md. Oct. 27, 2011); Xavier v. Belfor USA Gp., Inc., 585 F. Supp. 2d 873, 877 (E.D. La. 2008). The evidence must be based on personal knowledge. Reyes, 2017 WL 5148367 at *4 ("At minimum, competent evidence must be based on personal knowledge of the facts."); Boyd v. Alutiiq Global Solutions, LLC, 2011 WL 3511085, at *6 (N.D. Ill. 2011) (same). And the declarations must go beyond conclusory statements. Brown, 2011 WL 5151394 at *3 (conclusory declarations that plaintiffs have knowledge of other similarly situated individuals does not establish a sufficient basis for conditional FLSA certification); H&R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (conclusory affidavits are insufficient).

Plaintiff has submitted his own declaration and two nearly identically written, yet identically conclusory declarations from former coworkers of his. All three of the declarations arise from a single restaurant, located at "7707 N. MacArthur Blvd., Irving, TX 75063." (Dkt. 21-3 thru 21-5). None of those former employees worked at any other Jason's Deli restaurant. Thus, while the declarations speak about "Jason's Deli" in broad strokes, the observations offered appear to be based entirely on occurrences and conversations taking place among delivery drivers at that restaurant. (Dkt. 21-3, ¶ 7). None of the evidence proffered in the declarations shows that the declarants have any basis for personal knowledge beyond the single restaurant in Irving, Texas at which they worked.

Courts typically reject proposed nationwide classes that hinge on conclusory allegations arising from a single location. See Jenkins v. TJX Companies Inc., 853 F.Supp.2d 317 (E.D. N.Y. 2012) (rejecting proposed nationwide class where only evidence offered was based on personal knowledge of conditions at a single location); Rappaport v. Embarq Management Co., 2007 WL 4482581 (M.D. Fla. 2007) (observing that courts have routinely denied requests for conditional certification based only on conclusory allegations of a few employees); Pickering v. Lorillard Tobacco Co., Inc., 2012 WL 314691 (M.D. Ala. 2012) (same).

Here, Plaintiff's limited offer of proof is insufficient to show the existence of a single corporate policy or practice that has been uniformly applied to the nationwide collective of hourly employees that Plaintiff seeks to have certified. See Rueda v. Tecon Services, Inc., 2011 WL 2566072 (S.D. Tex. 2011) (the supporting affidavits do not provide a reasonable basis for nationwide collective); Prince v. Cato Corp., 2015 WL 1040713 (N.D. Ala. 2015) ("At best, the declarations…show that three persons, in only five states, in the northern half of the state of Alabama, had an experience similar to the plaintiff."); Harper v. Lovett's Buffet, Inc., 185

F.R.D. 358, 362-63 (M.D. Ala. 1999); Tucker v. Labor Leasing, Inc., 872 F. Supp. 941 (M.D. Fla. 1994); Harris v. Chipotle Mexican Grill, Inc., 49 F.Supp. 3d 564 (D. Minn. 2014). At best, Plaintiff's declarations offer only a conclusory allegation about other restaurants in Texas, which is simply not enough to expand the scope of the class beyond Texas. (Dkts. 21-3, ¶ 7).

Because Plaintiff has failed to offer a sufficient evidentiary basis to conclude that a nationwide class is warranted, his proposed nationwide class must fail.

### D. If the Court chooses to issue notice to potential opt-ins, it should substantially modify Plaintiff's proposed distribution process, notice form, and consent form.

If the Court nevertheless finds that notice is appropriate to a more limited group of employees, the Court should require substantial modifications to the distribution process, the notice form, and the Consent to Join form proposed by Plaintiff.

#### 1. Plaintiff's request for detailed information about each potential collective member is overbroad and unnecessary.

Plaintiff asks that the Court order Jason's Deli to provide extensive and private information regarding each putative collective member. Not only does Plaintiff request each member's name and last known address, but he also seeks each member's telephone number, date of birth, and personal email address.

Although Plaintiff does not cite any cases to support his overreaching request, notice to the collective is not permission to engage in broad discovery. Plaintiff is entitled to information from Jason's Deli in order to provide fair and adequate notice; but not beyond that. As noted by several courts, information obtained for purposes of providing a court-approved notice can only be used to distribute the court-approved notice. See Davis v. Soc. Ser. Coordinators (E.D. Cal. 2012) ("[O]ther than the approved notice to the class, Plaintiff and her counsel may not initiate further contact with the putative class during the notice period regarding this lawsuit."); Meseck

9

v. Tak Commc'ns, Inc., (D. Min. 2011) ("[Plaintiff] may only use the information for the purpose of sending the notice."). In recognition of this principle, courts have limited the information to be disclosed to that which is necessary to effectuate notice. See, e.g., Graham v. Jet Specialty, Inc., 2016 WL 154846, at *5 (W.D. Tex. 2016) (disclosure of birth dates and social security numbers overly invasive); Page v. Nova Healthcare Mgmt., LLP, 2013 WL 4782749, at *7 (S.D. Tex. 2013) (limiting production to mailing addresses).

Here, Plaintiff should be limited to the names and addresses of potential collective members because the additional information he seeks is not necessary to provide notice. First, with regards to telephone numbers, Plaintiff does not propose any form of notice for which telephone numbers are necessary. Plaintiff offers no explanation for this request. Indeed, many courts have found that requests for telephone numbers are inappropriate. See e.g. Littlefield, v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1018-19 (E.D. Mo. 2010); Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 501 (D. Neb. 2009).

Second, Plaintiff's request for sensitive personal information, such as dates of birth, for all potential opt-ins is not necessary to provide notice. To the extent that Plaintiff argues that he needs this information as a means for locating updated addresses in the event a notice is returned as undeliverable, Plaintiff should await that circumstance before gathering such highly sensitive information on every employee. See Jennings v. Cellco P'ship, 2012 WL 2568146, *7 (D. Minn. July 2, 2012) (birthdate only provided if mailed notice returned as undeliverable); Davis v. Soc. Serv. Coordinators, 2012 WL 5838825, *3 (E.D. Cal. Nov. 15, 2012) (requiring request to court for additional information upon return of notice as undeliverable).

    **2.  Plaintiff's request for four forms of notice is excessive and unjustified.**

This Court should limit Plaintiff to notifying potential opt-ins via first class mail, as additional notice is not necessary or practical in this case.  Fair and proper notice depends on the circumstances of each case.  See Perrin v. Papa John's Int'l, (E.D. Mo. Oct. 11, 2011).  Here, Plaintiff proposes a traditional mailing, sending the notice electronically, the creation of a Facebook page, and the posting of the notice in each restaurant. (Dkt. 21, pg. 9).

As an initial matter, e-mail notice is inappropriate in this case because Jason's Deli does not have email addresses for the majority of employees or former employees to whom Plaintiff seeks to send notice.  Sending e-mail notice would thus be inefficient and would result in a portion of potential opt-ins receiving more forms of notice than others. Even if Jason's Deli did have email addresses for all of the potential opt-ins, many courts have refused to authorize email notice, recognizing that first class mail is the preferred form of notice. See e.g., Reab v. Electronic Arts, Inc., 214 F.R.D. 623, 630-31 (D. Colo. 2002) (recognizing potential for recipients to modify and redistribute notice electronically); Gordon v. Kaleida Health, Case No. 08-cv-37856 (W.D.N.Y. Oct. 14, 2009) (finding cases denying e-mail notice better reasoned).

The Court should also deny Plaintiff's request to post notice at each of Jason's Deli's restaurants because doing so would be overly burdensome for Jason's Deli and is not necessary to provide notice to potential opt-ins.  In Perrin, the court refused to authorized posting at Papa John's pizza locations nationwide, stating that "given the size of the certified class and the necessity of posting notice in all of Defendants' restaurants nationwide, the Court finds that the minimal value of posted notice does not outweigh the burden to Defendants and the potential to create confusion among other employees." Perrin, at *6.  See also Phelps v. MC Commc'ns, Inc., 2011 WL 3298414, *6 (D. Nev., 2011) (denying plaintiff's request for posting at job site); Wass v. NPC Int'l, No. 09-2254-JWL, 2011 WL 1118774 at *12 (D. Kans. 2011) (same).

Like Perrin, the posting of notices at Jason's Deli's restaurants would add minimal value. The notice would only reach current employees, from whom Jason's Deli likely has accurate address information to ensure the receipt of mail. Consequently, posting notice in Jason's Deli's restaurants would only be a redundant form of notice for current employees, rather than reaching any additional potential opt-ins.

The publication of a Facebook page is also problematic. Unlike mailed notice, which occurs on one occasion and can be easily limited to court-approved content, a Facebook page is both continuously posted and easily changeable to include content that is not Court-approved. Given the nature of Facebook pages, it could attract significant chatter (conceivably both pro and con) in the comments section that would be at odds with the neutral tone expected of a court-sponsored communication. Rather than being aimed at a specific group of identified potential opt-ins, it would amount to Court-sponsored advertising directed generally to the outside world on an undifferentiated basis. It would likely result in attempts to opt in by individuals who did not work within the time frame covered by the class, did not work in one of the covered positions, and who may not even have worked for Jason's Deli. This would create a significant administrative burden to identify and weed out the improper opt-ins.

Instead of these additional forms of notice, Plaintiff should be limited to sending notice via first class mail. Plaintiff has presented no facts suggesting that these forms of notice would be necessary, feasible, or controllable. Courts frequently limit plaintiffs to only one type of notice because additional forms of notice are redundant, wasteful, and burdensome. See Fox v. Western Talk, L.C., et al., Case No. H-12-3726 (S.D. Tex. 2013); In re Wells Fargo Wage and Hour Emp't Practices Litig. (No. III), 2012 WL 2180014, at *2 (S.D. Tex. 2012) (finding "the postings would thus merely be supplemental to the mailed notice" and overly intrusive").

### 3. Plaintiff's proposed notice inaccurately describes the collective and the lawsuit

In facilitating the notice to a potential collective, courts must ensure that notice is "timely, accurate, and informative." Hoffman-LaRoche, 493 U.S. 165, 172 (1989). The purpose of notice is to allow possible opt-in plaintiffs to make an informed judgement about the case they are being invited to join. Id. Courts have interpreted this to require "a fair and impartial explanation of the case, along with the options available to class members." McCaffrey v. Mortg. Sources Corp, 2009 WL 2778085, *5 (D. Kan. Aug. 27, 2009). Plaintiff's proposed notice fails to meet these requirements because it improperly defines the collective and fails to inform collective members of their potential obligations and Jason's Deli's position regarding Plaintiff's allegations.

#### a. The proposed notice fails to consistently define the putative class and does not adequately inform recipients of Jason's Deli's position.

Plaintiff's proposed notice lists as recipients a group that appears to be narrower than the group to which Plaintiff's Motion seeks to distribute notice. In his Motion, as discussed above, Plaintiff defines the proposed collective as "All hourly paid employees currently or formerly employed by Defendant from three years prior to the date of the Court's Order granting Notice, who were not paid federal minimum wage due to unreimbursed business expenses." (Dkt. 21, pg. 9). In contrast, Plaintiff's Consent lists the recipients as "someone who worked as a delivery driver from October 15, 2016, and the present." Plaintiff offers no explanation for this inconsistency or why Plaintiff is asking for a much broader list.

Moreover, the proposed notice fails to mention that Jason's Deli disputes Plaintiff's claims. See Compagnone v. DL Pool Service, LLC, 2016 WL 6575087, *5 (M.D. Fla. 20016). The notice does not state that Jason's Deli denies any wrongdoing or liability. It does not state

that Jason's Deli believes that its delivery drivers were always paid an hourly wage at or above the federal minimum wage, as well as reasonable and lawful vehicle reimbursements and tips.

        **b.      Notice should only be distributed, if at all, to individuals employed within three years of the Court's Order.**

The proposed notice states that "you have been identified as someone who worked as a delivery driver from October 15, 2016, and the present," which includes a time period of four years and 1 month from the date Plaintiff filed its Motion. (Dkt. 21-1). A cause of action arising out of a willful violation of the FLSA "may commence within three years after the cause of action accrued. 29 U.S.C. § 255(a). "The limitation period is not tolled as to individual claimants until the claimant files a written opt-in consent from with the court." 29 U.S.C. § 256(b). Accordingly, should the Court decide to certify this matter as a collective action, the limitations period should confine class certification to a period three years prior to the date on which this Court conditionally certifies the class. See Altiep v. Food Safety Net Serv., 2014 WL 4081213, *5 (N.D. Tex. 2014); Watson v. Travis Software Corp., 2008 WL 5068806, *8 (S.D. Tex. 2008); Quintanilla v. A & R Demolitina, Inc., 2005 WL 2095104, at *16 (S.D. Tex. 2005).

        **c.      The Notice fails to address the legal effect of filing a consent form.**

The proposed notice fails to provide a detailed statement of the legal effect of filing a consent form. The notice does not advise the potential opt-ins of their obligations should they decide to join the lawsuit. It does not advise them that they may be required to give a deposition, respond to written discovery and/or testify in court. Snively v. Peak Pressure Control, LLC, 174 F. Supp. 3d 953, 962 (W.D. Tex. 2016). Such a statement is an accurate representation of an opt-ins obligations and frequently included in the opt-in notice. See e.g., Ahle v. Veracity Research Co., 2009 WL 3103852, *6 (D. Minn. Sept. 23, 2009) (requiring statement that "If you

choose to join this action, you will be expected to participate in the litigation, which may include being asked to respond to written questions, appear for deposition, and testify at trial."); McKinzie v. Westlake Hardware, Inc., 2010 WL 2426310, *4 (W.D. Mo. June 11, 2010) (requiring statement regarding "discovery and other obligations, as well as the potential need to be present in [the district where the case is located].") Garcia v. TWC Admin, LLC, 2015 WL 1737932, at *7 (W.D. Tex. April 16, 2015); Behnken v. Luminant Min. Co., LLC, 997 F.Supp.2d 511, at 524 (N.D. Tex. 2014).

### d. The proposed Consent fails to correctly identify the nature of the lawsuit.

Although likely an artifact from unrelated lawsuit, Plaintiff states in his Proposed Consent any opt-in plaintiff who elects to join this lawsuit, chooses Plaintiff's Counsel "[f]or purposes of pursing [his or her] overtime claims against Defendants." (Dkt. 21-2).  The Consent form must accurately reflect the nature of the lawsuit to ensure that potential opt-in plaintiffs are receiving "full and effective disclosure of all the relevant facts…sufficient to enable [the consenting party] to make an informed decision…" Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392, 408 (D. NJ. 1988). Since Plaintiff is not pursuing an overtime claim, the Consent should be modified accordingly.

## IV.   CONCLUSION

For these reasons, Plaintiff's Motion to certify a nationwide collective must be denied, or at minimum, substantially limited to those restaurants that Plaintiff and his declarants have personal knowledge of.

Respectfully submitted this 2nd day of December, 2020.

                                          /s/ J. Thad Heartfield
                                          J. Thad Heartfield
                                          Texas Bar No. 09346800

        M. Dru Montgomery
Texas Bar No. 24010800
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, TX 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789
Email: thad@heartfieldlawfirm.com
Email: dru@heartfieldlawfirm.com

*/s/ Kevin D. Johnson*
Kevin D. Johnson
Florida Bar No. 0013749
Christopher M. Bentley
Florida Bar No. 0052616
Colby J. Ellis
Florida Bar No. 1019588
Johnson Jackson PLLC
100 N. Tampa St., Suite 2310
Tampa, FL 33602
Telephone: (813) 580-8400
Facsimile: (813) 580-8407
Email: kjohnson@johnsonjackson.com
      cbentley@johnsonjackson.com
      cellis@johnsonjackson.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court on this 2nd day of December, 2020, using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

        */s/ Kevin D. Johnson*
Attorney