IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MOHAMED HISHAM ELTAYEB,** individually and on behalf of similarly situated persons, | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 4:20-cv-385 |
| v. | § § | |
| **DELI MANAGEMENT, INC. d/b/a "Jason's Deli,"** | § § § | Jury Demanded |
| Defendant. | § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS AND FOR CONDITIONAL CERTIFICATION**

Plaintiff, Mohamed Hisham Eltayeb, on behalf of himself and all other similarly situated current or former employees of Defendant Jason's Deli, files this Reply in Support of his Motion for Notice to Potential Plaintiffs and for Conditional Certification, and would show the Court as follows:

## I.  INTRODUCTION

Defendant's Response to Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice alleges deficiencies in Plaintiff's Motion. However, Plaintiff has satisfied the lenient step-one standard to warrant notice being sent out to Defendant's delivery drivers. Because Plaintiff has presented more than enough evidence to satisfy the applicable standards for conditional certification, a class is the appropriate method of adjudicating the asserted claims, and the proposed notice forms are appropriate, the Motion should be granted.

## II.     LEGAL STANDARD

Courts in this District have routinely applied a lenient standard in reviewing a plaintiff's request for notice. *See Biller v. RMCN Credit Services*, 2017 WL 5127236 (E.D. Tex. Apr. 3, 2017); *Allen v. McWane, Inc.*, 2006 WL 3245531 (E.D. Tex. Nov. 7, 2006). Importantly, "The burden of proof is relatively slight at this stage of the case because <u>the Court is not making a substantive determination on the basis of all the evidence but</u> **simply adopting a procedure which permits notice to be given to other potential class members**."[1] Because Plaintiff is able to meet this lenient standard, the Motion should be granted.

## III.    ARGUMENT

### A. Conditional Certification is the Appropriate Method to Adjudicate the Asserted Claims.

The Court should grant Plaintiff's Motion because conditional certification is an appropriate, fair, and efficient method of adjudicating the asserted claims. Congress' purpose in authorizing § 216(b) collective actions was to avoid multiple lawsuits where numerous employees have been harmed by a common violation of the FLSA. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Defendants asserted arguments are not sufficient to justify denying the Motion.

### B. Plaintiff Has Established Notice Should Issue Nationwide in This Action.

Plaintiff easily fulfills the lenient standard for establishing that all delivery drivers employed by Defendants are "similarly situated" for purposes of § 216(b) notification. At the first stage of the two-stage certification approach, courts determine whether named plaintiffs and potential opt-ins are "similarly situated" based upon the allegations in a complaint supported by

---

[1] *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2008 WL 5725631, at *3 (N.D. Ohio June 9, 2008)(emphasis added).

sworn statements.[2] *Mooney*, 54 F.3d at 1213-14; *see also, Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *Brooks v. Bellsouth Telecom.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *Sperling*, 118 F.R.D. at 406-07. The record need only be "sufficiently developed . . . to allow court-facilitated notice" based upon "substantial allegations" *Garner*, 802 F. Supp. at 422; *Sperling*, 118 F.R.D. at 407*; see also Church v. Consolidated Freightways, Inc.,* 137 F.R.D. 294 (N.D. Cal. 1991), or "some factual support." *Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996).

Plaintiff and other delivery drivers held the same job, shared the same primary job duty of delivering food using their personal vehicles, were required to incur automobile costs in delivering food to Defendants' customers, and were reimbursed according to Defendant's unlawful policy. (Dkt. No. 21, Exhibits C – E). Defendant's reimbursement policy applies to all delivery drivers. (Dkt. No. 1). Plaintiff contends that the formula itself is flawed and significantly undervalues the expense of owning and operating an automobile. Plaintiff and Opt-In Plaintiffs confirm that the reimbursements received were inadequate to reimburse they for the automobile expenses incurred delivering food for Defendants. (Dkt. No. 21, Exhibits C – E). As such, Plaintiff has raised a "colorable basis" for showing that automobile costs incurred by drivers were not sufficiently

---

[2] *See, e.g., Brown v. Money Tree Mortg. Inc.,* 222 F.R.D. 676, 680 (D. Kan. 2004) (two affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab,* 214 F.R.D. at 628 (allegations in complaint); *Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient); *Ballaris v Wacker Silttronic Corp.,* 2001 U.S. Dist. LEXIS 13354 at *3-*5 (D. Ore. Aug. 24, 2001) (two affidavits); *De Asencio v. Tyson Foods, Inc.,* 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (four affidavits); *Camper v. Home Quality Mgmt, Inc.,* 200 F.R.D. 516, 519-21 (D. Md. 2000) (sworn testimony from two deponents and two declarations); *Zhao v. Benihana,* 2001 U.S. Dist. LEXIS 10678 at *12-*13 (S.D. N.Y. 2001) (one affidavit based on plaintiff's "best knowledge"); *Aguayo v. Oldenkamp Trucking*, No. F 04-6279 ASI LJO, 2005 WL 2436477 (E.D. Cal. Oct 3, 2005) (allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated); *Alba v. Madden Bolt Corporation*, No. H-02-1503 (S.D. Tex. June 5, 2002)(J. Hoyt) (one affidavit sufficient); *Schwartz v. MCI Telecom. Corp.*, No. H-98-1574 (S.D. Tex. Feb. 18, 1999)(J. Werlein) (one affidavit sufficient).

reimbursed to ensure a minimum wage. Ultimately, Plaintiff exceeds the lenient standard required to establish the class being "similarly situated" during the first stage of the certification process.

Furthermore, Plaintiff has presented sufficient evidence to justify nationwide certification based on the evidence presented. Plaintiffs have provided declarations from drivers demonstrating that they were paid subject to the same faulty reimbursement policy. In addition to these declarations, individuals from two states other than Texas have opted in to this lawsuit. That evidence is sufficient to justify certification of a nation-wide collective action.[3]

There are numerous similar cases alleging minimum wage violations on behalf of delivery drivers—and these cases are routinely conditionally certified.[4] Additionally, courts have granted certification even under the more stringent Rule 23 standard in similar cases, rather than the far more lenient standard applicable for FLSA certification.[5] The fact that courts have determined

---

[3] *See, e.g., Brown v. Money Tree Mortg. Inc.,* 222 F.R.D. 676, 680 (D. Kan. 2004) (two affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab,* 214 F.R.D. at 628 (allegations in complaint); *Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient); *Ballaris v Wacker Silttronic Corp.,* 2001 U.S. Dist. LEXIS 13354 at *3-*5 (D. Ore. Aug. 24, 2001) (two affidavits); *De Asencio v. Tyson Foods, Inc.,* 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (four affidavits); *Camper v. Home Quality Mgmt, Inc.,* 200 F.R.D. 516, 519-21 (D. Md. 2000) (sworn testimony from two deponents and two declarations); *Zhao v. Benihana,* 2001 U.S. Dist. LEXIS 10678 at *12-*13 (S.D. N.Y. 2001) (one affidavit based on plaintiff's "best knowledge"); *Aguayo v. Oldenkamp Trucking*, No. F 04-6279 ASI LJO, 2005 WL 2436477 (E.D. Cal. Oct 3, 2005) (allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated); *Alba v. Madden Bolt Corporation*, No. H-02-1503 (S.D. Tex. June 5, 2002)(J. Hoyt) (one affidavit sufficient); *Schwartz v. MCI Telecom. Corp.*, No. H-98-1574 (S.D. Tex. Feb. 18, 1999)(J. Werlein) (one affidavit sufficient).

[4] *See Frazier v. PJ Iowa, L.C.*, 337 F. Supp. 3d 848 (S.D. Iowa 2018); *Durling v. Papa John's Int'l, Inc*., Case No. 7:16-cv-03592-CS-JCM (ECF Doc. # 387); *Benton v. Deli Mgmt., Inc*., 1:17-CV-296-WSD, 2017 WL 10574355 (N.D. Ga. Dec. 18, 2017); *Meetz v. Wisconsin Hosp. Group LLC*, 16-C-1313, 2017 WL 3736776 (E.D. Wis. Aug. 29, 2017); *Redus v. CSPH, Inc*., 3:15-CV-2364-M, 2017 WL 2188777 (N.D. Tex. May 17, 2017); *Sullivan v. PJ United, Inc*., 2017 U.S. Dist. LEXIS 40133 (N.D. Ala., March 13, 2017); *Drollinger v. Network Glob. Logisitcs, LLC*, Case No. 16-cv-00304-MSK-MJW (ECF Doc. 76); *Tegtmeier v. PJ Iowa, L.C*., 208 F. Supp. 3d 1012 (S.D. Iowa 2016); *Bellaspica v. PJPA, LLC*, 3 F. Supp. 3d 257 (E.D. Pa. 2014); *Smith v. Pizza Hut, Inc*., 09-CV-01632-CMA-BNB, 2012 WL 1414325 (D. Colo. Apr. 21, 2012); *Darrow v. WKRP Mgmt., LLC*, 2012 U.S. Dist. LEXIS 24997 (D. Colo., Feb. 28, 2012); *Perrin v. Papa John's Int'l USA, Inc*., 2011 U.S. Dist. LEXIS 104059 (E.D. Mo., Sept. 14, 2011); *Wass v. NPC Intern., Inc*., 09-2254-JWL, 2011 WL 1118774 (D. Kan. Mar. 28, 2011); *Bass v. PJCOMN Acquisition Corp*., 2010 U.S. Dist. LEXIS 144305 (D. Colo., Sept. 15, 2010) ; *Luiken v. Domino's Pizza LLC*, 2010 U.S. Dist. LEXIS 61020 (D. Minn., June 21, 2010).

[5] *See McFarlin v. Word Enterprises, LLC*, 16-CV-12536, 2017 WL 4416451, at *1 (E.D. Mich. Oct. 5, 2017); *see also See e.g.*, *Perrin v. Papa John's Int'l., Inc.*, 2013 U.S. Dist. LEXIS 181749, *4-8 & 16-26 (E.D. Mo. Dec. 31, 2013)

similar claims fulfill the more-stringent Rule 23 standard necessitates a finding that conditional certification should be granted in this more lenient case.[6] In sum, courts have routinely granted conditional certification in similar cases by delivery drivers. There is no reason to depart from the norm by denying certification in this case.

All of the hourly-paid delivery drivers that worked at stores for Defendant were all subjected to Defendant's policy of paying their employees below minimum wage due to inadequately reimbursing their drivers for automobile expenses. From the plain meaning of the law to the Defendant's own compensation policies, as reflected by the declarations attached hereto, there can be no question that the Plaintiff and the Potential Plaintiffs are similarly situated and thus, the Court should grant Plaintiff's motion. Plaintiff's evidence well exceeds the "reasonable basis" required for first stage § 216(b) notification and establishes that notice should be issued.

### C. The Class Definition is Sufficient.

Defendant argues the definition of the class for which Plaintiff seeks conditional certification is problematic. However, it is clear from the Plaintiff's Complaint, Plaintiff's Motion, and the declarations submitted with the Motion that Plaintiff seeks to conditionally certify a class of hourly paid delivery drivers who used their own vehicles to make deliveries on behalf of Defendant. Defendant's argument regarding the Class Definition requires the Court to engage in a merits-based analysis. In the two-stage process, the merits of the claim are not examined until

---

("*Perrin III*"); *Bass v. PJ COMN Acq. Corp.*, 2011 U.S. Dist. LEXIS 58352, *1-12 (D. Colo. Jun. 1, 2011) ("*Bass II*").

[6] *See e.g.*, *Perrin v. Papa John's Int'l., Inc.*, 2013 U.S. Dist. LEXIS 181749, *4-8 & 16-26 (E.D. Mo. Dec. 31, 2013) ("*Perrin III*"); *McFarlin v. The Word Enters., LLC*, 2017 U.S. Dist. LEXIS 164968, *1-13 (E.D. Mich. Oct. 5, 2017); *Bass v. PJ COMN Acq. Corp.*, 2011 U.S. Dist. LEXIS 58352, *1-12 (D. Colo. Jun. 1, 2011) ("*Bass II*"); *Oregal v. PacPizza,* No. C12-01454 (Sup. Ct. of Contra Costa Cnty. May 8, 2014) (previously submitted as ECF No. 318-1); *Behaein v. Pizza Hut,* No. BC541415 (Sup. Ct. of L.A. Cnty. Jul. 15, 2015) (recognizing that common class-wide proof entails estimated vehicle costs, rather than requiring each delivery driver to prove his or her own actual vehicle costs); and *Villalpando v. Exel Direct Inc.,* 2016 WL 1598663 (N.D. Cal. Apr. 21, 2016) (recognizing that showing of reasonable reimbursement rate constitutes proof common to the entire class)

the second stage of the litigation, after notice has issued. *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 374–75 (5th Cir. 2016). Here, Defendants are putting the cart before the horse by engaging in a discussion regarding the value of the vehicle expense reimbursement. Because this case is still at the first stage of the litigation, the notice phase, it is improper to consider liability. *Id.* Defendants will have an opportunity to levy their merits-based arguments regarding Plaintiffs' under reimbursement claims after the notice period is over, and the Parties engage in discovery. Notice should issue first and allow the individuals who wish to join in the case to file a consent form. Once that occurs, the Parties can engage in merits-based discovery, and Defendants will have an opportunity to fully explore the strength of Plaintiff's claims. This argument does not justify denying Plaintiff's Motion.

In the alternative, in the event the Court has concerns about the way in which the class is defined, Plaintiff would be happy to modify the class definition to clarify any confusion.

### D. Plaintiff's Proposed Form of Notice is Appropriate as well as the Methods for Sending.

Defendant goes on at length to argue against the form and notice methods routinely applied by courts in FLSA collective actions. Defendant is well aware that the notice form and methods are to be determined by the Court to allow for the accurate administration of judicial facilitated notice tailored to the Putative Class.[7]

---

[7] *See Lee v. Veolia ES Indus. Servs., Inc.*, C.A. 1:12-CV-136, 2013 WL 2298216 (E.D. Tex. May 23, 2013) ("A district court has the discretion to conditionally certify an FLSA collective action and authorize notice to potential class members so that they may choose to opt into the suit."); *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010) ("District courts have discretion in deciding whether and how to award "timely, accurate, and informative" notice to prospective plaintiffs.); *Behnken v. Luminant Min. Co., LLC*, C.A. 3:13-CV-2667-D, 2014 WL 585333 (N.D. Tex. Feb. 14, 2014) ("When a plaintiff seeks to bring a collective action, a district court can in its discretion facilitate notice to potential plaintiffs of their right to opt-in to the suit."); *McCarragher v. Ryland Grp., Inc.*, C.A. 3-11-55, 2012 WL 4857575 (S.D. Tex. Oct. 11, 2012) (citations omitted) ("District courts have discretion whether to certify proposed collective actions because section 216(b) gives them "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly and sensible."); *Valcho v. Dallas Cnty. Hosp. Dist.,* 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008) ("Where a plaintiff seeks to bring a collective action, district courts may, in their discretion, facilitate notice to potential plaintiffs of their right to

In *Hoffmann-LaRoche, Inc. v. Sperling,* 493 U.S. 165 (1989), the Supreme Court held that district courts have discretion, in appropriate cases, to implement FLSA Section 16(b), 29 U.S.C. § 216(b), by facilitating notice to potential class members. The Supreme Court observed:

> Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is *orderly, sensible,* and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. It follows that, once an [FLSA] action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an *efficient and proper* way.
> *Id.* at 170-71 (emphasis supplied).

*Id.* While plaintiffs and defendants frequently reach agreement on the proposed language of FLSA notice forms, courts generally recognize that an FLSA notice is supposed to represent *the plaintiffs'* communication to the FLSA class. As one court has observed, an FLSA notice "represents not an official communication from the Court, but is instead a communication from the plaintiff and plaintiffs' counsel to other prospective class members." *King v. ITT Continental Baking Co.,* 1986 U.S. Dist. LEXIS 29321, *6-7 (N.D. Ill. Feb. 13, 1986). Thus, "***absent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice***." *Id.* at *6 (emphasis supplied). Applying this principle, district courts have turned away attempts by defendants to rewrite plaintiffs' proposed notice language. *See, e.g.*, *Heitmann v. City of Chicago*, No. 04 C 3304, 2004 U.S. Dist. LEXIS 14669, *10 (N.D. Ill. July 29, 2004) ("Although Defendant's proposed notice and consent forms would be adequate, the Court will not order the Plaintiff to use the Defendants' proposed forms."); *see also Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511, 2006 U.S.

---

opt-in to the suit."); *Lentz v. Spanky's Rest. II, Inc.,* 491 F. Supp. 2d 663, 667 (N.D. Tex. 2007) ("District courts have the discretion to implement the collective action procedure by facilitating notice to potential plaintiffs.")

**REPLY ON MOTION FOR NOTICE AND CONDITIONAL CERTIFICATION** **PAGE 7**

Dist. LEXIS 76732, at *3-4 (D. Kan. Oct. 11, 2006) (where parties submit competing FLSA notice forms, the court should "issue its rulings using plaintiffs' Notice as a starting point").

### 1.    PLAINTIFFS' PROPOSED METHODS OF NOTICE ARE APPROPRIATE

The notice should be distributed by mail and e-mail and posted by Defendants at their stores. Plaintiffs should also be allowed to send a reminder notice by mail and e-mail. Courts routinely examines the Putative Class, their work environment, and determines the appropriate notice.[8]  Because of the unique circumstances of the job performed by the Putative Class Members, Plaintiffs request that the notice method include mail, e-mail, and posting by Defendant to ensure that these Putative Class Members receive the judicial notice in a timely manner.

### 2.    LANGUAGE CONCERNING DISCOVERY OBLIGATIONS HAS A CHILLING EFFECT ON PARTICIPATION BY POTENTIAL CLASS MEMBERS

Defendant objects to Plaintiffs' proposed Notice language because it does not mention any discovery and trial obligations. These suggestions are also routinely rejected by Courts in wage and hour disputes. *See Garcia v. Elite Labor Serv., Ltd.*, No. 95 C 2341, 1996 U.S. Dist. LEXIS 9824, at *8 (N.D. Ill. July 11, 1996) (noting that class could exceed 1,000 individuals, it is unlikely that most members will be deposed or testify in court); *see also Taillon v. Kohler Rental Power, Inc.*, No. 02 C 8882, 2003 WL 2006593, at *3 (N.D. Ill. April 29, 2003) (rejecting defendant's attempt to insert a warning regarding potential discovery obligations in a FLSA notice); *Morden v. T-Mobile USA, Inc.*, 2006 U.S. Dist. LEXIS 68696, *11 (W.D. Wash. Sept.

---

[8] *See Durbin v. Advanced Pipeline Services, LLC*, No. 13-cv-00136 (S.D. Tex Jan. 13, 2014) ECF No. 34; *Moore v. Bottom Line Services, LLC,* No. 13-cv-00136 (S.D. Tex Nov. 4, 2013) ECF No. 26; *Lopez v. Allis-Chalmers Energy, Inc., et al,* No. 13-cv-00136 (S.D. Tex Feb. 8 and April 20, 2012) ECF No. 15 and 92; *Martinez v. Refinery Terminal Fire Company,* No. 13-cv-00136 (S.D. Tex Jan. 25, 2012) ECF No. 54.

12, 2006) (rejecting proposed notice language that opt-ins might have to travel to Seattle, Washington to testify at trial).

Moreover, this Court has made no determination regarding the amount of discovery that will be allowed and on what basis it will be allowed. The Court will undoubtedly limit the amount of testimony which will be allowed by either side. It is complete speculation at this point as to whether any particular class member will be called upon to participate at all in the discovery process. Indeed, the discovery rules generally limit the parties to 10 depositions per side – a limit this Court enforces in FLSA collective actions. *See* FRCP 30(a)(2)(A)(i). Thus, the chance that a particular potential class member will be deposed is miniscule. Additionally, the Court has made no determination regarding the trial of the cases. In short, "[i]ncluding a warning about possible discovery when that discovery is unlikely will serve no purpose other than deterring potential plaintiffs from joining the suit based on unfounded concerns about the hassle of discovery." *Prentice v. Fund for Pub. Interest Research, Inc.*, C-06-7776 SC, 2007 WL 2729187, at *5 (N.D. Cal. Sept. 18, 2007). The Court should approve the Notice as submitted.

### IV. CONCLUSION

Plaintiffs have met their burden to show that other similarly situated individuals exist and are interested in asserting their claims. In order to facilitate the purposes of the FLSA's collective action provisions, this Court should authorize a Court-approved notice to be issued by Plaintiff to potential plaintiffs. Such a notice will allow those employees whose rights are eroding each day to be informed of this action and their right to join.

Respectfully submitted,

**FORESTER HAYNIE PLLC**

*/s/ Meredith Black-Mathews*_____
MEREDITH BLACK-MATHEWS
Texas Bar No. 24055180
J. FORESTER
Texas Bar No. 24087532
400 North St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
mmathews@foresterhaynie.com
jay@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

*/s/ Meredith Black-Mathews*_____