# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MOHAMED HISHAM ELTAYEB, individually and on behalf of similarly situated persons, | § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO.  4:20-CV-00385 |
| | § | Judge Mazzant |
| v. | § § | |
| DELI MANAGEMENT, INC. d/b/a "Jason's Deli", | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Jason's Deli's Motion for Reconsideration of Order Granting Class Notice (Dkt. #30).  Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **GRANTED**.

## BACKGROUND

This case arises from the employment relationship between Defendant and its delivery drivers.  Defendant operates multiple Jason's Deli stores and employs drivers to deliver food items to customers.  These delivery drivers perform their job functions using their own vehicle.  Delivery drivers are then reimbursed pursuant to a method employed by Defendant.

Plaintiff brought this suit under the Fair Labor Standards Act ("FLSA") to recover allegedly unpaid minimum wages.  Plaintiff first claims that Defendant uses a flawed method to determine reimbursement rates.  Plaintiff further claims that the method employed by Defendant provides an unreasonably low rate beneath any reasonable approximation of the expenses incurred

by the drivers.  As a result of Defendant's method, the drivers' allegedly unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

On February 8, 2021, Defendant filed the present motion (Dkt. #30).  On March 8, 2021, Plaintiff filed a response (Dkt. #33).  On March 15, 2021, Defendant filed a reply (Dkt. #34).

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances.  "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'"  *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).  Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]."  *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b).  "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'"  *Blundell v. Home Quality Care Home Health Care,*

*Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at \*4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R. CIV. P. 54(b)).  "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"  *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

On January 8, 2021, the Court entered a Memorandum Opinion and Order (the "Order") granting in part and denying in part Plaintiff's Motion for Notice to Potential Plaintiffs and for Conditional Certification (Dkt. #29).  In the Order, the Court approved notice, as amended, and conditional certification of the collective action.  Defendant was required to "produce, in a usable electronic format, the names, last known addresses, email addresses, and telephone numbers of potential plaintiffs falling within the class definition within fourteen days" (Dkt. #29 at p. 15).  The Court further ordered Plaintiff to "prepare amended notice and consent forms consistent with this Order" (Dkt. #29 at p. 15).

On January 12, 2021—four days after entry of the Court's Order—the Fifth Circuit issued an opinion in *Swales v. KLLM Transp. Servs., L.L.C.*.  The *Swales* opinion rejected the well-known, and heavily utilized, rubric for certification in FLSA collective actions as found in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), in favor of "interpretative first principles[,]" including "(1) the FLSA's text, specifically § 216(b), which declares (but does not define) that only those 'similarly situated' may proceed as a collective; and (2) the Supreme Court's admonition that while a district court may 'facilitat[e] notice to potential plaintiffs' for case-management purposes, it cannot signal approval of the merits or otherwise stir up litigation."

*Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021) (first quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989), and then quoting *In re JP Morgan Chase & Co.*, 916 F.3d 494, 500–02 (5th Cir. 2019)).  Relevant to the present motion, the Court's Order heavily relied on the lenient standard set forth in *Lusardi* (*see* Dkt. #29).  Defendant now seeks reconsideration of the Order in light of the Fifth Circuit's analysis in *Swales*.

Defendant specifically argues that reconsideration is appropriate when, such as here, there has been an intervening change in the law.  Defendant notes that *Swales* made clear that a court must rigorously enforce the FLSA's similarity requirement at the outset of litigation, and that the Order does not comport with the new standard.  Defendant lastly asserts that, in the future, the Court should follow the *Swales* approach to determine whether notice should issue in a collective action.

Plaintiff first responds that the authorization of notice is appropriate under *Swales* because Plaintiff and the putative plaintiffs are "similarly situated."  However, Plaintiff then attempts to distinguish the facts in *Swales* from those in the present action.  Alternatively, Plaintiff seeks expedited discovery.

## I.      Reconsideration in Light of *Swales*

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action."  *Austin*, 864 F.3d at 336 (quoting Fed. R. Civ. P. 54(b)).[1]  The Fifth Circuit has explained that when a "district court [is] not asked to reconsider a judgment," which would then invoke Federal Rule of Civil Procedure 59(e), the court should "consider[] [such reconsideration motion] under Rule 54(b)."  *Id.* (citing *Cabral v. Brennan*, 853

---

[1] No dispute appears to exist that the Court's January 8, 2021 Order did not end the action.

4

F.3d 763, 766 (5th Cir. 2017)).  Rule 54(b) provides for a "more flexible" standard than that of Rule 59(e), and "[u]nder Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"  *Id.*  Rule 59(e), on the other hand, "'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence,' and reconsideration is 'an extraordinary remedy that should be used sparingly.'"  *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (alteration in original)). Under Rule 59(e)—the more rigid of the two standards—courts typically consider whether a defendant has shown: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  Because a change in intervening law is sufficient to meet the Rule 59(e) standard, the Court is persuaded that it would likewise be sufficient to meet the more flexible 54(b) threshold.[2]  Thus, the Court will now determine whether the Fifth Circuit's decision in *Swain* constitutes "an intervening change in controlling law" as argued by Defendant.

In *Swales*, the Fifth Circuit provided "a workable, gatekeeping framework for assessing, at the outset of litigation, *before* notice is sent to potential opt-ins, whether putative plaintiffs are similarly situated—not abstractly but actually."  *Swales*, 985 F.3d at 433.  The Fifth Circuit rejects *Lusardi*, the traditional framework for certification in FSLA collective actions, by noting that the two-step process "has no anchor in the FLSA's text or in Supreme Court precedent interpreting it."  *Id.* at 434.  Specifically, "the word 'certification,' much less 'conditional certification,' appears

---

[2] As noted above, Rule 54(b) allows a district court to "reconsider and reverse its decision for any reason it deems sufficient."  *Austin*, 864 F.3d at 336.  Certainly, a change in controlling law would qualify as sufficient.

nowhere in the FLSA." *Id.*  Ultimately, the court "reject[ed] *Lusardi*'s two-step certification rubric." *Id.*

In rejecting *Lusardi*'s approach, the Fifth Circuit looked to the FLSA's text and the Supreme Court's admonitions against a district court "signal[ing] approval of the merits or otherwise stir[ring] up litigation" as explained in *Hoffman-La Roche* and *In re JP Morgan*. Importantly, the court determined that "[t]hese are the only binding commands on district courts" and "[these commands] are unequivocal" with "significant implications." *Id.*  Contrary to *Lusardi*'s lenient approach to the first step of conditional certification, *Swales* requires a court to "scrutinize the realm of 'similarly situated' workers" at "the outset of the case." *Id.*  "Only then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiffs." *Id.*  According to the Fifth Circuit, these "bedrock rules[] . . . define and delimit the district court's discretion." *Id.*

The legal standard relied upon by this Court in its Order is predicated on *Lusardi* and the law as propounded within that case.  Additionally, the Court began its analysis regarding "similarly situated plaintiffs" by referencing the "first stage of *Lusardi*" (Dkt. #29 at p. 5).  This Court also recognized and utilized the lenient standard then-applied in *Lusardi*.  After considering the Fifth Circuit's decision in *Swales*, the Court is convinced that its Order no longer comports with Fifth Circuit law.  This Court used a now-rejected standard in reaching its decision regarding whether Plaintiff met his burden to show that he and the potential plaintiffs were "similarly situated."  The outright rejection of the case centrally relied upon by this Court in its Order certainly constitutes "an intervening change in controlling law."  The intervening opinion issued by the Fifth Circuit was published and precedential on this Court. The Court cannot reconcile its analysis in its Order

with *Swales*, and the Court therefore finds it appropriate to vacate its previous order and reconsider the facts presented in accordance with the standards in *Swales*.

## II.   Substantive Arguments

Plaintiff argues that granting notice under *Swales* is still appropriate because "[a]lthough the *Swales* decision modifies the procedural posture of FLSA cases, it does not change the similarly situated standard" (Dkt. #33 at p. 2).  Plaintiff further contends that "he has established that he is similarly situated to the putative class" (Dkt. #33 at p. 2).

Plaintiff's attempts to circumvent *Swales* are without merit.  The Court is convinced that the Fifth Circuit intended to broadly clarify the process by which opt-in notice is issued in collective action cases—a process previously governed by *Lusardi*.  The rejection of *Lusardi*'s two-step approach, the same two-step approach utilized in the Court's Order, indicates that *Swales* applies to all collective actions over which *Lusardi* previously applied.  This Court previously adopted the *Lusardi* approach, and the reliance on that case is now misplaced in light of *Swales*. Whether Plaintiff actually met its burden in showing that he and the potential plaintiffs were "similarly situated" as to make notice appropriate is outside the scope of the Motion presently before the Court.  Rather, the Court finds that the more prudent course of action is to require the parties to submit "what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.'"[3]  *Swales*, 985 F.3d at 441.  After the parties submit relevant facts and legal considerations, and the Court considers such, limited discovery will be authorized to ensure the Court is able to make the most well-informed decision regarding whether

---

[3] Moving forward, the Court may make this determination of its own accord.  *See id.* at 441.  However, due to the stage the case is at in litigation, having the parties submit relevant inquiries will better narrow the discovery required and the issues not yet determined.

notice is appropriate.  Only after considering the evidence presented after the limited discovery period will the Court "rigorously scrutinize the real of 'similarly situated' workers."  *Id.* at 434.

## III.    Expedited Discovery

Plaintiff alternatively requests expedited discovery.  Specifically, Plaintiff seeks:

> (1) the name of each current and former Delivery Driver that worked for Defendant since May 11, 2017; (2) the last known address, date of birth, email address, and cell phone number for each current and former Delivery Driver that worked for Defendant since May 11, 2017; (3) a complete copy of the employee file for each current and former Delivery Driver that worked for Defendant since May 11, 2017; (4) a complete copy of the time records for each current and former Delivery Driver that worked for Defendant since May 11, 2017; (5) a complete copy of the pay records for each current and former Delivery Driver that worked for Defendant since May 11, 2017; (6) a complete copy of the job descriptions for each current and former Delivery Driver that worked for Defendant since May 11, 2017; (7) a complete copy of all company policies maintained by Defendant since May 2017, which pertain to how its Delivery Drivers work time is calculated; and (8) a complete copy of all company policies maintained by Defendant since May 2017, which pertain to how its Delivery Drivers pay is calculated

(Dkt. #33 at p. 12).  Plaintiff asks the Court order Defendant to submit this information "in a computer-readable format" and "within ten business days from the entry of an Order" (Dkt. #33 at p. 12).  According to Plaintiff, this discovery is sought "to ensure the Court can make an adequate, vigorous analysis as to whether each affected individual is similarly situated and, in turn, is eligible to receive appropriate notice so each can determine whether he/she wants to 'opt-in' as a plaintiff in this collective action" (Dkt. #33 at p. 12).

Under *Swales*, however, the Court must first decide "what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.'"  *Swales*, 985 F.3d at 441.  Then, and only then, should the Court "authorize preliminary discovery accordingly."  *Id.*  Plaintiff has offered no explanation as to why the requested information is material.  In fact, Plaintiff does not even indicate how the requested material will assist the Court in analyzing whether the potential plaintiffs are so similarly situated to Plaintiff as to properly be

issued noticed.  Without deciding what facts and legal considerations are material, the Court cannot limit discovery accordingly.  Thus, Plaintiff may re-urge his request for information when he submits the facts and legal considerations the Court needs to contemplate when tailoring the scope of discovery.  Ordering such broad discovery without determining what facts and legal considerations are relevant to notice does not conform to the tailored approach the Fifth Circuit iterates in *Swales*.[4]

**CONCLUSION**

It is therefore **ORDERED** that the Motion by Jason's Deli for Reconsideration of Order Granting Class Notice (Dkt. #30) is hereby **GRANTED**.

It is further **ORDERED** that the following briefing schedule should be, and hereby is, entered:

1. On or before March 31, 2021, Plaintiff and Defendant shall submit to the Court a brief containing the facts and legal considerations they feel are material to the "similarly situated plaintiffs" analysis.

2. On or before April 7, 2021, Plaintiff and Defendant shall file any response.

**IT IS SO ORDERED**.

 **SIGNED this 19th day of March, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[4] The Court acknowledges Plaintiff's statute of limitations justification for the broad discovery requested.  The Court agrees that the present issue should be resolved without undue delay; however, the issue also must be resolved in accordance with the law as stated in *Swales*.