UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MOHAMED HISHAM ELTAYEB, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DELI MANAGEMENT, INC. d/b/a "Jason's Deli," <br><br> Defendant. | Civil Action No. 4:20-cv-385 <br><br><br> Honorable Amos L. Mazzant |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S RENEWED
MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS**

Plaintiff, Mohamed Hisham Eltayeb, on behalf of himself and all other similarly situated current and former delivery drivers of Defendant Deli Management, Inc. d/b/a "Jason's Deli," files this Reply in Support of his Renewed Motion for Notice to Potential Plaintiffs ("Plaintiff's Renewed Motion for Notice"), and shows the Court as follows:

## I.   INTRODUCTION

Defendant's Response to Plaintiff's Renewed Motion for Notice alleges that a nationwide collective action is not warranted due to the individualized nature of Plaintiff and current Opt-Ins employment. However, and informed by courts in this Circuit's recent rulings,[1] Plaintiff has clearly surpassed the threshold to prove that he and the putative class are similarly situated, and thus that global notice is the proper.

---

[1] *See Sterling v. Greater Houston Transportation Co.,* Case No. H-20-910 (SD Tex.) (court granted certification and notice in light of *Swales*); *see also Hernandez et al. v. Pritchard Industries (Southwest) LLC, et al.*, Case No. SA-20-cv-00508 (WD Tex.) (same). Attached hereto as **Exhibits A and B**.

## II. ARGUMENT AND AUTHORITIES

Although the Fifth Circuit's decision in *Swales*[2] is significant for rejecting the widely-used *Lusardi*[3] conditional certification rubric in collective action cases, it did not alter the statutory mandate that employees are permitted to bring an action for violation of the FLSA on behalf of themselves and "other employees similarly situated." Indeed, in circumstances like those here, *Swales* explicitly permits a finding that the delivery drivers are similarly situated.[4] That is, when a Court can determine based on the pleadings and facts presented that the proposed class is similarly situated, it is proper to notify all prospective plaintiffs. Because Plaintiff has provided evidence, further bolstered by engaging in court-mandated limited discovery, to show that all delivery drivers are similarly situated, Plaintiff exceeds the applicable threshold put in place by the Court, making Notice appropriate.[5]

### A. Plaintiff Makes A Clear Showing of "Similarly Situated" in Compliance With *Swales*

While Defendant alleges that Plaintiff is asking the Court to overlook details of his and Opt-In Plaintiffs' employment to meet the requirements of "similarly situated," this is not the case. Plaintiff instead is meticulously abiding by the newfound requirements of *Swales*[6] in showing the Court that he and Class Members are "similarly situated." Although *Swales* alters the procedure

---

[2] *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021).
[3] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); 29 U.S.C. § 216(b).
[4] *Swales*, 2021 WL 98229 at **441 (when all potential plaintiffs have same job responsibilities and questions of law revolve around those responsibilities, notice may be proper).
[5] *Swales*, 2021 WL 98229 at **7 (finding that district courts have broad discretion in identifying "at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated'"); *See e.g., Rousseau v. Frederick's Bistro, Ltd.*, 2010 U.S. Dist. LEXIS 34271, at *8-9 (W.D. Tex. Apr. 7, 2010) (citing to *Bernal v. Vankar Enterps., Inc.*, No. SA-07-CA-695-XR, 2008 U.S. Dist. LEXIS 22814, 2008 WL 791963, at *3 (W.D. Tex. Mar. 24, 2008)); *Oliver v. Aegis Communications Group, Inc.*, No. 3:08-cv-828, 2008 WL 7483891 (N.D. Tex. Oct. 30, 2008) (certifying companywide class of employees in seven call centers in six states); *Ericson v. Texas Apartment Locators, Inc.* No. 3:06-cv-01431 (N.D. Tex. April 10, 2007) (notice permitted to putative class); *Barnett v. Countrywide Credit Industries, Inc.*, No. 3:01-CV-1182-M, 2002 WL 1023161 (N.D. Tex. May 21, 2002) (certifying nationwide class of employees challenging their employer's decision to classify them as exempt under the FLSA).
[6] *Swales,* 985 F.3d 430.

for the certification process, it does not change the "similarly situated" standard itself. "[T]he court should satisfy itself that the potential plaintiffs are similarly situated with respect to their job requirements and pay provisions… However, a plaintiff need only show that their positions are similar to the potential plaintiffs, not identical."[7]

The evidence adduced in discovery further confirms that a collective action remains the most efficient, fair, and appropriate means of resolving whether Defendant's company-wide reimbursement formula failed to reasonably reimburse its workers for the costs of driving their personal vehicles to deliver Defendant's food products to its customers, thereby violating the minimum wage. Thus while Defendant attempts to raise the specter of a due process violation, what is really at stake is Plaintiffs' statutory right to proceed collectively, as mandated by the plain text of the FLSA: "An action to recover the liability prescribed in either of the preceding sentences [including unpaid minimum wages] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

> **1. Plaintiff and Class Members are not required to be identical to be deemed "similarly situated."**

Defendant overstates the application of the "similarly situated" standard in seemingly seeking for Plaintiff and Opt-In Plaintiffs to be identical. However, "from the statutory text, 'similarly situated,' as required for pursuit of an FLSA collective action, clearly differs from 'identically situated'… and 'courts are adamant' that plaintiffs need not establish *identical* situations to carry their burden to show 'similarly situated.'"[8]

---

[7] *Allen v. McWane, Inc.*, 2006 WL 3246531, *2 (E.D.Tex.2006).
[8] *Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP 2021 LEXIS 101258 (W.D. Tex. May 28, 2021) citing *Yanzzini v. Action Meat Distributors, Inc*., 995 F. Supp. 2d 703, 721 (S.D. Tex. 2014) (emphasis added).

Here, Defendant attempts to use Plaintiff and putative Class Members' variance as affirmative proof that the group cannot be similarly situated, however, this is not the basis for defeating notice nor ultimate certification. Specifically, Defendant focuses on the variation in damages of individual class members to attempt to defeat a finding of similarly situated. It is true to course in all litigation, especially cases that involve delivery drivers, that ultimate damages and liability will differ based on factors such as duration of employment, miles driven, and reimbursement rate, however, cases routinely settle with such factors at issue. However, "while damages might vary among the individual plaintiffs, district courts in this circuit have consistently held that '[w]hether individualized determinations are necessary to define the extent of Plaintiffs' damages, if any, does not weigh against efficiently establishing Defendants' class-wide liability.'"[9] To deny class members relief on a collective basis due to small variances would be contrary to judicial efficiency and ultimately result in class members bringing individual suits merely because their damages were not identical. As outlined by Defendant themselves, a singular formula can be applied to Plaintiff and all Class Members to ultimately determining what individual damages and liability will be.[10] Specifically, this case boils down to a simple equation with only three inputs:

**(1)    Wage Rate + (2) Vehicle Reimbursements – (3) Vehicle Costs = Net Wages**

Accordingly, while Defendant identifies differences in the exact details of Plaintiff and Opt-In Plaintiffs' employment, that is not enough to defeat a finding of "similarly situated" so long as Plaintiff makes a sufficient showing of such, which has been done here. As further outlined in Plaintiff's Renewed Motion for Notice, and through the declarations submitted on behalf of Plaintiff and Opt-Ins, as well as corporate documents produced by Defendant, Plaintiff is similarly

---

[9] *Nguyen v. Versacom, LLC*, 3:13-CV-4689-D, 2016 WL 6650860, at *4 (N.D. Tex. Nov. 9, 2016) (citing *Metcalfe v. Revention, Inc.*, 2012 WL 3930319, at *6 (S.D. Tex. Sept. 10, 2012)); *see also White v. NTC Transportation, Inc.*, 2013 WL 5874566, *7 (N.D. Miss. Oct. 31, 2013).
[10] See Dkt. No. 51, p. 9.

situated to Defendant's delivery drivers in that they worked the same job, were required to complete the same duties, were under the same policy and procedures implemented by corporate Defendant, and were compensated on a similar basis (hourly rate + delivery fee + discretionary additional payment).[11] Accordingly, Plaintiff has made a sufficient showing of "similarly situated" to warrant the issuance of notice.

> ### 2. The Court has discretion to issue notice because Plaintiff has made a sufficient showing that potential plaintiffs are "similarly situated."

"The bottom line," the *Swales* court concluded, "is that the district court has broad, litigation-management discretion" to determine who receives notice of this FLSA collective action, and when.[12] While the Fifth Circuit states that this discretion is not "unbridled" it nonetheless empowers district courts to make such a determination based on the evidence produced during litigation.[13] Further, the court in *Swales* states that the amount of evidence necessary to make a determination will vary case by case, recognizing that there is no "one-size-fits-all" application of the newly implemented standard.[14]

Here, it is not up to Defendant to dictate whether the evidence put forth by Plaintiff in his Renewed Motion for Notice is sufficient. Rather, it is the Court's job based on the pleadings to determine if Plaintiff has presented sufficient evidence to warrant notice being issued. Based on Plaintiff's plethora of sworn declarations and partnering evidence, a finding that Plaintiff and Potential Plaintiffs are similarly situated is clear.

---

[11] Dkt No. 21, Exhibits C-E.
[12] 985 F.3d at 443.
[13] *Id.* at 436 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 166 (1989)).
[14] *Id.* at 441.

### 3. Parties have engaged in limited discovery to satisfy *Swales* and to further prove Plaintiff and Class Members are "similarly situated."

Finally, Plaintiff has successfully completed the additional procedural hurdles implemented by *Swales* through the Court-mandated limited discovery. Although discovery is not explicitly required under *Swales*, the Fifth Circuit identified that:

> [A] district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." And then it should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. In other words, the district court, not the standards from Lusardi, should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs.[15]

As identified above, the standard for "similarly situated" has not been altered, merely the procedure to make such a finding has. Accordingly, Plaintiff has complied with all additional Court requirements to bolster his claim of similarly situated. Having thoroughly demonstrated in the previous Notice briefing, Reconsideration briefing, court-mandated limited discovery, and Renewed Notice briefing, Plaintiff has continuously shown the Court that he is similarly situated to delivery drivers who worked on Defendant's behalf.

Further, the additional documents Plaintiff obtained through limited discovery demonstrate delivery drivers are subject to the same pay practices and procedure company-wide, proving a similarly situated class of individuals exists. *See* Exhibits H – P attached to Plaintiff's Renewed Motion for Notice. The Employee handbooks, driver payout policy, and sample driver pay records demonstrate that Jason's Deli delivery drivers are similarly situated with respect to employment conditions and pay practices. Accordingly, Notice should issue in this case.

---

[15] *Id.*

## B. A Class Of Similarly Situated Jason's Deli Delivery Drivers Was Certified in the Eleventh Circuit

Although Defendant contests that a global resolution is not warranted, a class of similarly situated Jason's Deli delivery drivers was certified in the 11th Circuit in *Benton et al. v. Deli Management, Inc. d/b/a Jason's Deli*, Case No. 1:17-cv-00296 (ND GA). The *Benton* case not only certified a class of all delivery drivers who were employed by Jason's Deli (our current Defendant) within the three years preceding the filing of the case, but also defeated defendant's attempt at decertification to ultimately retain certification on behalf of all similarly situated delivery drivers.[16]

Defendant argued in the *Benton* litigation that plaintiffs should not be permitted to proceed collectively because there were too many factual variations among the putative class. However, after analyzing the same factors that Defendant identifies in their current Response Motion, which fall largely into the two categories of expenses and compensation, the court in *Benton* ruled that such variations do not defeat certification. Instead, the judge explicitly stated that:

> True, there is some variation as to the amount of Plaintiffs' compensation[17] including different hourly wage-rates and amounts (if any) received in so-called "discretionary" payouts; but these differences do not overwhelm the other classwide similarities. The Court agrees with Plaintiffs that "the need for individualized inquiry and calculation of damages is not enough to defeat commonality under Rule 23(a)," and will not decertify a class solely because one element of a claim may be less amenable to classwide resolution than others. The existence of so many other commonalities among the putative class—including job descriptions, duties, and pay provisions (e.g., they were all paid hourly), as well as the central question of the reasonableness of Jason's Deli's current reimbursement—convince the Court that proceeding as a collective action is appropriate.[18]

---

[16] *Id.* Dkt. No. 29, 132.
[17] *Benton et al. v. Deli Management, Inc. d/b/a Jason's Deli*, Case No. 1:17-cv-00296 (ND GA), Dkt. No. 53, FN 13. ("It is important to recall that within the decertification framework, this argument concerns only similarity of situation with respect to Plaintiffs' pay provisions. While important, it is only a part of the consideration of what makes a class "similarly situated.")
[18] *Id.*

Although the *Benton* litigation took place in the 11th Circuit, which still relies on the two-stage standard for conditional certification, the ultimate finding is clear—plaintiff and defendant's delivery drivers were similarly situated for purposes of certification. Accordingly, because Defendant is the same entity and has clearly continues to engage in the same unlawful behavior, there should be no hesitation on behalf of this Court in finding that Plaintiff and Defendant's current and former delivery drivers nationwide are similarly situated for purposes of issuing notice.

### C. Plaintiff's Declarations and Supporting Evidence Warrant Issuing Notice

Contrary to Defendant's assertion, Plaintiff and Opt-In Plaintiffs corroborated and sworn statements are nearly identical to those that have warranted notice in previous cases alleging under compensation of drivers.[19] These declarations are based entirely on Plaintiff and Opt-In Plaintiffs' personal experiences working on Defendant's behalf. (Dkt No. 21, Exhibits C-E). That they describe their experiences in the same manner is hardly surprising given that Defendant maintains universal policies and pay schemes for its delivery drivers, as demonstrated above. Accordingly, and further bolstered by Plaintiff's claims above, the evidence presented by Plaintiff warrants that notice be issued.

### D. Should the Court Deny Global Notice, the Court Should Instead Limit the Scope of the Class Definition

In the event the Court fails to identify all of Defendant's delivery drivers as similarly situated, this should not be the basis for defeating the issuance of notice as a whole. Rather,

---

[19] *See Redus v. CSPH, Inc.*, No. 3:15-cv-2364-M, 2017 U.S. Dist. LEXIS 74906, at *1-11 (N.D. Tex. May 17, 2017) (granting certification when the initial motion was supported by two declarations); *see also Wass v. NPC Int'l., Inc.*, No. 09-2254-JWL, 2011 U.S. Dist. LEXIS 32761, at *16- 18 (D. Kan. Mar. 28, 2011) (certifying conditional class of delivery drivers and noting that specific allegations regarding the defendant's reimbursement formula were sufficient despite the defendant's characterization of them as "boilerplate" and "unreliable"); *Perrin v. Papa John's Int'l.* (Perrin I), No. 4:09-CV01335-AGF, 2011 U.S. Dist. LEXIS 104059, at *13-15 (E.D. Mo. Sept. 14, 2011) (certifying conditional class where allegations in the complaint, data from the defendants, and declarations provided sufficient detail regarding the defendants' reimbursement policy to allow for identification and notification of proposed collective members).

Plaintiff proposes limiting the scope of notice to encompass all of Defendant's stores and drivers that reimburse its delivery drivers at or below the hourly rate of Plaintiff and Opt-Ins, or $8.65 per hour or less. As noted above, Plaintiff and Class Members are not required to be identical to be granted notice, rather they must be sufficiently similarly situated in compliance with *Swales* and courts within this Circuit's parameters. Here, limiting the scope of notice would accordingly cure Defendant's strongest variation factor, the hourly rate paid to delivery drivers who work for Defendant nationwide.

Therefore, this Court should issue notice to Defendant's delivery drivers nationwide, or in the alternative, issue notice to Defendant's delivery drivers who were paid at an hourly rate of $8.65 per hour or less.

## III.   CONCLUSION

Plaintiff is entitled to advance his claims collectively as it is in the interest of judicial economy. Additionally, Plaintiff's abundant evidence and arguments demonstrate that Plaintiff and Opt-In Plaintiffs are similarly situated. In order to facilitate the purposes of the FLSA's collective action provisions, this Court should authorize a Court-approved notice to be issued by Plaintiff to Potential Plaintiffs. Such a notice will allow those individuals whose rights are eroding each day to be informed of this action and their right to join. For the foregoing reasons, Plaintiff renews his request that the Court grant issuing notice as requested in Plaintiff's Renewed Motion for Notice.

Because Plaintiff has met his burden of showing that similarly situated individuals exist that have not been notified about the present suit, the Court should enforce the provisions of the FLSA and grant Plaintiff's Renewed Motion for Notice to Potential Plaintiffs.

Respectfully Submitted,

/s/ *Meredith Black-Mathews*
**Meredith Black-Mathews**
Texas Bar No. 24055180
**Katherine Serrano**
Bar No. 24110764
**J. Forester**
Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700
Dallas, TX 75202
(214) 210-2100 (phone)
(214) 346-5909 (fax)
mmathews@foresterhaynie.com
kserrano@foresterhaynie.com
jay@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Eastern District of Texas, Sherman Division.

/s/ *Meredith Black-Mathews*
**Meredith Black-Mathews**