# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MOHAMED HISHAM ELTAYEB, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> DELI MANAGEMENT, INC. d/b/a "Jason's § <br> Deli", § <br> § <br> *Defendant.* § | Civil Action No.  4:20-cv-385 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Tolling of the Fair Labor Standard Act's Statute of Limitations (Dkt. #71). After considering the relevant pleadings, the Court finds that Plaintiff's Motion should be DENIED.

### BACKGROUND

On January 8, 2021, the Court entered a Memorandum Opinion and Order granting in part and denying in part Plaintiff's Motion for Notice to Potential Plaintiffs and for Conditional Certification (Dkt. #29). The Court found that Plaintiff had met his burden of showing the potential plaintiffs within the proposed collective were likely similarly situated and could thus receive notice of the suit. Days later, the Fifth Circuit's decision in *Swales v. KLLM Transportation Services, L.L.C.* altered the standard by which district courts determine whether potential plaintiffs may be notified of a collective action. 985 F.3d 430 (5th Cir. 2021). Following this change in the law, Defendant filed a Motion for Reconsideration of the Court's Order Granting Class Notice (Dkt. #30). The Court granted the Motion for Reconsideration on March 19, 2021 (Dkt. #35).  On June 17, 2021, Plaintiff filed his Renewed Motion for Notice to Potential Plaintiffs (Dkt. #46). The

Court then denied Plaintiff's Renewed Motion for Notice to Potential Plaintiffs on December 14, 2021 (Dkt. #58). In that Order, the Court allowed Plaintiff another opportunity to compose a class (Dkt. #58). Additional briefing was then necessary to define the scope of discovery to investigate that potential class, and a new scheduling order was entered on June 9, 2022, which allowed the parties just over five months to complete that discovery (Dkt. #68).

On December 22, 2022, Plaintiff filed the current Motion for Tolling of the Fair Labor Standard Act's Statute of Limitations (Dkt. #71) requesting that the statute of limitations be equitably tolled beginning January 8, 2021—the date of the Court's Order originally granting conditional certification (Dkt. #71 at p. 5). On January 12, 2023, Defendant filed its Response in Opposition to Plaintiff's Motion for Tolling of FLSA Statute of Limitations (Dkt. #75). On January 17, 2023, Plaintiff filed his Reply in Support of Motion for Tolling (Dkt. #80). Defendant then filed its Sur-Reply to Plaintiff's Motion for Tolling FLSA Statute of Limitations on January 24, 2023 (Dkt. #86).

## LEGAL STANDARD

The filing of a collective action under the Fair Labor Standards Act ("FLSA") does not toll the statute of limitations for any potential class member unless and until that potential class member opts in to the case. 29 U.S.C. § 256(b); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 917 (5th Cir. 2008). The FLSA provides a 2-year statute of limitations for non-willful violations and a 3-year statute of limitations for willful violations. *See* 29 U.S.C. § 255(a).

Equitable tolling allows the court to preserve a plaintiff's claim when enforcement of the statute of limitations would be unjust. *Mejia v. Bros. Petroleum, LLC*, 2014 WL 3853580, at *1 (E.D. La. Aug. 4, 2014). The plaintiff, as the party invoking equitable tolling, bears the burden of proof

2

to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Sandoz v. Cingular Wireless, LLC*, 700 F. App'x 317, 320 (5th Cir. 2017). "This standard requires 'reasonable diligence,' not 'maximum feasible diligence,' and an extraordinary circumstance that derives from some 'external obstacle to timely filing ... beyond [the plaintiff's] control,' not from self-inflicted delay." *Id.* (citation omitted).

"This is a heavy burden, as 'it is well established that equitable tolling must be strictly construed.'" *Bingham v. Jefferson County*, 1:11-CV-48, 2011 WL 13089001, at *3 (E.D. Tex. Aug. 12, 2011) (quoting *Lange v. United States*, 79 Fed. Cl. 628, 632 (2007)). "The decision to allow equitable tolling of the statute of limitations rests in the discretion of the district court." *Bingham*, 2011 WL 13089001, at *3.

## ANALYSIS

### I. Potential opt-in plaintiffs must diligently pursue their rights.

Plaintiff contends that he, as a named plaintiff, has diligently pursued his rights as required for equitable tolling (Dkt. #80 at p. 4). In support, Plaintiff cites a few district court cases within the Fifth Circuit for the notion that the named plaintiffs—rather than the opt-in plaintiffs—must diligently pursue their rights (Dkt. #80 at p. 4). However, Defendant correctly asserts that the Fifth Circuit has spoken directly on the issue in *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317 (5th Cir. 2017) (Dkt. #75 at p. 5). For the FLSA statute of limitations to be equitably tolled, a potential opt-in plaintiff, rather than the named plaintiff, must have exercised reasonable diligence in pursuing his or her rights. *Id.* at 321; *see also Coker v. Stonewater Roofing Co.*, No. 6:19-CV-00211, 2020 WL 1451654, at *2 (E.D. Tex. Mar. 25, 2020) ("[C]ourts applying *Sandoz* have refused to

3

equitably toll the FLSA statute of limitations if plaintiffs failed to prove . . . that potential opt-in plaintiffs diligently pursued their rights.").

## II. Potential opt-in plaintiffs have not been identified.

Plaintiff has not identified any specific potential opt-in plaintiffs (*See* Dkt. #80 at p. 6), so the Court is unable to analyze whether those opt-in plaintiffs have diligently pursued their rights. Importantly, prior to the Fifth Circuit's decision in *Sandoz*, the *Sandoz* district court addressed whether unidentified opt-in plaintiffs were entitled to equitable tolling. *Sandoz v. Cingular Wireless*, LLC, No. 6:07CV1308, 2014 WL 3045532 at *4 (W.D. La. July 3, 2014), *aff'd on other grounds sub nom. Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317 (5th Cir. 2017). The district court recognized that "equitable tolling and equitable estoppel require fact-specific determinations which cannot be made until a putative plaintiff actually opts in to this collective action." *Id.*

Moreover, in *Knox v. John Varvatos Enterprises Inc.*, the Southern District of New York contemplated facts similar to those presented here. 282 F. Supp. 3d 644 (S.D.N.Y. 2017). There, the plaintiff "provide[d] no facts or even arguments regarding existing or potential opt-in plaintiffs" to show they had been diligently pursuing their rights. *Id.* at 658. The court explained that "the equitable tolling inquiry is a highly factual issue that depends on what and when a plaintiff knew or should have known—an inquiry that is simply impossible to conduct when opt-in plaintiffs and the facts specific to them have not yet been revealed." *Id.* (citation omitted). The court then concluded that "[t]he plaintiffs on whose behalf equitable tolling is being sought have not been identified. No information has been provided about their circumstances. Thus, this [c]ourt cannot assess whether any potential opt-in plaintiff has diligently pursued her rights and [the named plaintiff's] request thus must be denied." *Id.* (citation omitted).

Similarly here, because no potential opt-in plaintiffs have been identified by Plaintiff, the Court cannot conduct a fact-specific inquiry as to whether those potential opt-in plaintiffs have diligently pursued their rights. *See Sandoz*, 700 F. App'x at 320. Consequently, Plaintiff's motion should be denied as premature.

## CONCLUSION

It is **ORDERED** that Plaintiff's Motion for Tolling of the Fair Labor Standard Act's Statute of Limitations (Dkt. #71) is hereby **DENIED** without prejudice.

**IT IS SO ORDERED.**

SIGNED this 7th day of March, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE